A06A1008. LUCA v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(637 SE2d 86)

PHIPPS, Judge.

Claudia Luca contends that the trial court erred in denying her permission to serve a motorist by publication and dismissing State Farm Mutual Automobile Insurance Company from her lawsuit. Because we agree, we reverse and remand the case for proceedings not inconsistent with this opinion.

In December 2003, Luca filed a negligence action against Dorian Castro in connection with their May 2003 automobile collision. That same month, she attempted to serve Castro at his alleged Gwinnett County address. The sheriff's return of service states, "Diligent search made and defendant Dorian Castro not to be found in the jurisdiction of this Court. Def is in Mexico, should be back 02/2004." In March 2004, Luca again attempted to serve Castro at the same address. The sheriff's return of services states, "Diligent search made and defendant in Mexico not to be found in the jurisdiction of this Court." Later that month, Luca served her uninsured motorist carrier, State Farm, under the uninsured motorist statute, OCGA § 33-7-11. In June 2004, Luca filed a motion for service upon Castro by publication, asserting that he "has departed this state, or cannot after due diligence be found within this state." Luca relied on the sheriff's returns of service and her attorney's "affidavit." The attorney stated, "I have made diligent efforts to have the Defendant served with process in this action. Defendant cannot be located. No addresses, other than the one where service has been attempted can be located." The trial court granted the motion.

State Farm filed in essence a motion for reconsideration, arguing that Luca had failed to demonstrate that she had exercised due diligence to locate Castro. On July 27, 2004, the court granted State Farm's motion, noting that counsel's "affidavit" had not been notarized and that "it appears service has only been attempted through

the sheriff's department with no other research to ascertain Defendant's location." On August 10, 2004, Luca filed a motion for reconsideration, relying on the sheriff's returns and an affidavit (notarized) from her attorney stating the same as before.

While that motion lay pending, in April 2005, Luca moved again for service by publication, this time relying on the sheriff's returns of service, her attorney's affidavit, and an affidavit of a private detective. The detective averred that he had worked as such for 20 years and that,

> I attempted to locate the Dorian Castro, after the Sheriff of this county attempted service and couldn't locate. As a Private Detective I have several Data Banks to use and have been unable to locate Dorian Castro in the jurisdiction of this court or any other county in the United States.

While Luca's motions lay pending, the applicable two-year statute of limitation expired.[1]

Thereafter, in September 2005, State Farm filed a motion to dismiss the lawsuit. It pointed out that under the uninsured motorist statute, a condition precedent for recovery against an uninsured motorist carrier is service upon the missing tortfeasor.[2] State Farm asserted that Castro had not been served, that permission to serve by publication required a showing of due diligence, and that Luca's two attempts at service upon Castro were insufficient.

The trial court determined that Luca had failed to "exercise due diligence that would justify service by publication." It found that, after the first unsuccessful attempt to serve Castro, Luca did nothing to locate him for three months; that after the second unsuccessful attempt, Luca waited three months and eleven days before moving for service by publication; that after State Farm's motion for reconsideration was granted, more than eight months passed before Luca filed a renewed motion for service by publication; and that the detective's affidavit "does not contain any information to suggest that Mr. Castro is either out of state or avoiding service." In reliance upon *Brown v. State Farm &c. Ins. Co.*,[3] the court denied Luca's motions and thus granted State Farm's motion to dismiss. On appeal, Luca

---

[1] See OCGA § 9-3-33; *Wilson v. Ortiz*, 232 Ga. App. 191, 192 (1) (a) (501 SE2d 247) (1998).

[2] See OCGA § 33-7-11 (d); *Swanson v. State Farm &c. Ins. Co.*, 242 Ga. App. 616 (1) (530 SE2d 516) (2000); *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170 (520 SE2d 917) (1999) ("Service by publication is necessary on a known but unlocatable uninsured motorist to satisfy the condition precedent of a nominal judgment under OCGA § 33-7-11 (d) before the uninsured motorist carrier may be liable under the insured's contract and the uninsured motorist statute.") (citations omitted).

[3] 242 Ga. App. 313 (529 SE2d 439) (2000).

challenges the court's refusal to grant her permission to serve Castro by publication and its dismissal of State Farm.

1. Luca contends that the trial court erroneously denied her an order to serve Castro by publication. OCGA § 33-7-11 (e) establishes the procedure for recovering from one's own uninsured motorist carrier after being injured by a tortfeasor who cannot be found.[4] It provides for service by publication where a plaintiff shows, among other things, that the owner or operator of a car alleged to have caused injury "resides out of the state, has departed from the state, cannot after due diligence be found within the state, or conceals himself to avoid the service of summons."[5]

Luca argues that, in concluding that she had failed to justify an order to serve by publication, the trial court misplaced reliance upon *Brown* and erroneously applied the due diligence standard for determining whether personal service accomplished beyond the limitation period would relate back to the time of filing the complaint. Luca cites *Wilson v. State Farm &c. Ins. Co.*,[6] which "pointed out that the due diligence standard required for publication is different from that used to determine whether personal service accomplished outside the limitation period will relate back to the time of filing."[7] *Wilson v. State Farm &c. Ins. Co.* clarified, "[T]he correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) [is] diligence in determining that [an uninsured motorist] [is] either out of state or avoiding service."[8] However, in determining whether service (personal or by publication) accomplished outside the limitation period will relate back to the time of filing, the following principles apply.

> [T]he plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, the plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation.[9]

---

[4] See *Wilson v. State Farm &c. Ins. Co.*, supra at 170.

[5] OCGA § 33-7-11 (e).

[6] Supra.

[7] *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 439 (2) (626 SE2d 628) (2006), citing *Wilson v. State Farm &c. Ins. Co.*, supra at 170-171.

[8] *Wilson v. State Farm &c. Ins. Co.*, supra at 171.

[9] *Wilson v. Ortiz*, supra (citation and punctuation omitted); see also *Brown*, supra at 313 (1).

In concluding that Luca had failed to exercise diligence sufficient for service by publication, the trial court relied on *Brown* and focused on the lapses of time between each of Luca's attempts to serve Castro. But *Brown* is within a line of cases wherein plaintiffs moved for service by publication to avoid dismissal for having failed to timely serve uninsured motorists.

In *Brown*, five days before the expiration of the statute of limitation, the plaintiff filed suit for personal injuries arising from a car accident.[10] Although the plaintiff served her uninsured motorist carrier, she never served the motorist.[11] Three months after the statute of limitation had run, the carrier moved to dismiss the action because the plaintiff had failed to serve the motorist.[12] A month later, plaintiff sought an order permitting service upon the motorist by publication, relying on her efforts to locate the motorist made *before* she filed the lawsuit.[13] The trial court dismissed the action, citing the rule that

> where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. . . .[14]

The court also cited *McCrary v. Preferred Risk Mut. Ins. Co.*[15] for the proposition that "[w]hen the defendant has not been [timely] served, on an appropriate motion the trial judge must examine the facts and determine whether the plaintiff was guilty of laches in failing to serve the defendant in a diligent manner."[16] In affirming the dismissal, this Court cited plaintiff's lack of any effort to locate or serve the uninsured motorist for three months between the initial failed attempt and the insurer's motion to dismiss.[17]

Similarly, in *McCrary*,[18] "[a]ppellant's motion for service by publication was an attempt to toll the statute of limitation by having the service relate back to the date of the filing of the lawsuit, thereby conferring jurisdiction upon the court to render a judgment against

---

[10] *Brown*, supra at 313.
[11] Id.
[12] Id.
[13] Id.
[14] Id. (citations omitted).
[15] 198 Ga. App. 727 (402 SE2d 519) (1991).
[16] *Brown*, supra at 314 (1).
[17] Id.
[18] Supra.

[the motorist] and allowing appellant to proceed against the insurance carriers."[19] Within days of the expiration of the limitation period, the plaintiff filed a lawsuit to recover damages for personal injuries sustained in an automobile accident with a motorist and tried to serve the motorist.[20] The plaintiff later timely served his uninsured motorist carrier, but never served the motorist.[21] Seven months after the statute of limitation had run, the carrier moved to dismiss the action because the plaintiff had failed to serve the motorist.[22] Plaintiff then filed a motion to serve the motorist by publication, relying upon his efforts to locate the motorist made *before* he filed the lawsuit. The trial court ruled in favor of the carrier, determining that the plaintiff had not acted diligently under the same rules cited in *Brown*.[23] This Court affirmed, noting that "[o]nce the suit was filed, all further attempts to serve [the motorist] ceased until appellant's motion for publication by service was filed approximately seven months later."[24]

But there is a crucial difference between cases such as *Brown* and *McCrary* and the instant case. Luca's requests for service by publication were not attempts to toll the statute of limitation by having the service relate back to the date of the filing of the lawsuit. Indeed, each of Luca's requests was made prior to the expiration of the two-year limitation period. The first request was only 13 months after the car accident; the second request, only 15 months; and the third request, 23 months. Although the trial court apparently faulted Luca for the lapses of time between her attempts to serve Castro, the applicable standard for an order for publication did not require Luca to show that she "acted in a reasonable and diligent manner in attempting to insure that a proper service was made *as quickly as possible*."[25] Moreover, the record reveals that the latter two of Luca's requests lay pending for decision by the trial court for more than three months.[26]

---

[19] *McCrary*, supra at 728.

[20] Id. at 727-728.

[21] Id. at 728.

[22] Id.

[23] Id. at 729.

[24] Id.

[25] *Brown*, supra at 313 (citations omitted; emphasis supplied); *McCrary*, supra at 728; see also *Wilson v. State Farm &c. Ins. Co.*, supra at 170-171 (cases on laches for relation back have no application to whether an order for publication should be issued).

[26] See OCGA § 15-6-21 (b) (placing duty upon superior, state, and city courts in counties with more than 100,000 inhabitants to decide motions of any nature "promptly, within 90 days," unless providentially hindered or counsel for plaintiff and the defendant have agreed in writing to extend the time). The record contains no indication that this duty was displaced by either statutory exception.

The trial court apparently faulted Luca further for failing "to ascertain defendant's location," but the applicable standard did not require her to do so. Pursuant to the disjunctive language of OCGA § 33-7-11 (e)[27] and the grounds advanced below by Luca, the applicable standard required Luca to show diligence in determining that Castro either had "departed from the state" or "[could not] after due diligence be found within the state."[28] Because the evidence outlined above mandated a finding that Luca satisfied this standard, the trial court abused its discretion in denying Luca an order permitting her to serve Castro by publication.[29]

2. Luca also argues that the trial court erred in dismissing State Farm from the lawsuit. Because the dismissal was based on Luca's failure to serve Castro, and we find that the trial court should have allowed service upon Castro by publication, we agree.

Notably, however, any service by publication upon Castro will now be outside the statute of limitation. The timely filing of the complaint tolls the statute where a plaintiff shows that she has acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible.[30] The record establishes that, to date, Luca has done so. This case is remanded for proceedings not inconsistent with this opinion.

3. Finally, we note that State Farm failed to comply with our rule which provides, "Appellee's brief shall be filed within 40 days after the appeal is docketed or 20 days after the filing of appellant's brief, whichever is later."[31] We take this opportunity to remind counsel, "Failure to timely file may result in non-consideration of the brief and may subject counsel to contempt."[32] However, we have exercised our discretion and considered the merits of State Farm's arguments.[33]

---

[27] See *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996) (regarding disjunctive use of "or" within statutes); accord OCGA § 9-11-4 (f) (1) (A) ("When the person on whom service is to be made resides outside the state, *or* has departed from the state, *or* cannot, after due diligence, be found within the state, *or* conceals himself or herself to avoid the service of the summons . . . the judge or clerk may grant an order that the service be made by the publication of summons. . . .") (emphasis supplied); see further *Wilson v. State Farm &c. Ins. Co.*, supra at 173, n. 2 (Pope, P. J., dissenting) (OCGA § 33-7-11 (e) allows service by publication on any of "four independent grounds").

[28] OCGA § 33-7-11 (e); see *Wilson v. State Farm &c. Ins. Co.*, supra at 171; *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992).

[29] See *Wilson v. State Farm &c. Ins. Co.*, supra at 171; *Wentworth v. Fireman's Fund American Ins. Cos.*, 147 Ga. App. 854, 855 (250 SE2d 543) (1978).

[30] *Wilson v. Ortiz*, supra.

[31] Court of Appeals Rule 23 (b).

[32] Id.

[33] See *Perdue v. State*, 271 Ga. App. 402, 403 (1) (609 SE2d 756) (2005); *Indian River Distrib. v. Savannah Business Systems*, 237 Ga. App. 7 (514 SE2d 468) (1999).

*Judgment reversed and case remanded with direction. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 26, 2006.

*Isenberg & Hewitt, Ryan L. Isenberg,* for appellant.
*Cooper & Makarenko, Gary M. Cooper, David R. Lowman,* for appellee.