A11A0039. MILTON v. GOINS.
(711 SE2d 415)

MILLER, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Plaintiff Milton appeals from the order granting defendant Goins's motion to dismiss due to lack of service. Finding no error, we affirm.

1. Milton contends that the trial court erred in concluding that Goins was not validly served. She argues that the evidence below does not support the factual findings of the trial court.

On appeal, absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. Those findings will not be disturbed on appellate review when supported by any evidence.

(Citations and punctuation omitted.) *Ballenger v. Floyd*, 282 Ga. App. 574, 575 (639 SE2d 554) (2006).

The complaint was filed on or about August 7, 2009. Ten days later the two-year period of the statute of limitation ended. In August 2009, process servers received information concerning an

address at which Goins's "family" lived. A process server attempted service upon Goins at the address after a woman who answered the door stated that Goins lived "off and on" at the house. After learning the purpose of the process server's visit, the woman stated Goins did not live there and she did not know where he lived. The process server left, but returned shortly and served a man who answered the door.

Goins filed a special appearance answer and later a motion to dismiss due to lack of service. In support of his motion, Goins filed an affidavit in which he stated that the residence where the documents were served was the home of his aunt and that he had not lived there for over five years. The aunt also filed an affidavit stating that she lived at the address where service had been attempted but that Goins did not reside there. An additional affidavit of Goins's mother stated that he did not reside with the aunt. The trial court concluded that there was insufficient evidence that Goins resided at the aunt's home and that the August 2009 service at the home of the aunt was invalid.

Here, there is no direct evidence that Goins resided at the aunt's home. The statement of the woman at the home that Goins resided there off and on does not show that he resided there at any specific time including the day of the attempted service. In contrast, Goins, his aunt, and his mother state unequivocally that he did not reside at the aunt's home at the time of the attempted service. Furthermore, process servers employed by Milton subsequently determined that Goins did not reside there.

Under these circumstances, the trial court did not err in determining that Goins was not properly served in August 2009. *Bohorquez v. Strother*, 287 Ga. App. 98, 99-100 (650 SE2d 765) (2007); *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). While there is further argument concerning a second attempted service at the mother's home in January 2010, that attempt was invalid because it followed a fatal lapse of diligence in Milton's efforts to accomplish service. Therefore, the trial court did not err in concluding that Goins was not validly served.

2. Milton maintains that the trial court abused its discretion in dismissing her case based on a conclusion that she failed to exercise a reasonable degree of diligence in obtaining service.

> The mere filing of a complaint does not commence suit unless timely service is perfected as required by law. And when such service is not timely made, the plaintiff bears the burden of showing lack of fault. If an action is commenced within the applicable statute of limitation, but is not served upon the defendant either within five days or within the limitation period, the plaintiff must show that she acted in

a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible. If he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. Additionally, once a defendant raises the issue of insufficient service as a defense, a plaintiff is, from that point forward, obligated to exercise not due diligence, but the greatest possible diligence to ensure proper and timely service. Whether a plaintiff has exercised the required diligence is a question of fact for the trial court's determination that will not be overturned absent an abuse of discretion.

(Citations and punctuation omitted.) *Montague v. Godfrey*, 289 Ga. App. 552, 554-555 (1) (657 SE2d 630) (2008).

The trial court found Milton's actions in attempting to locate and serve Goins were diligent until October, that is, until Goins raised a service defense via a motion filed October 2, 2009. From that point in time, Milton was required to exercise the greatest possible diligence to ensure proper and timely service.

The affidavits of the process servers were insufficient to show the required diligence in this case. Each of the affidavits provides general information and describes no more than a single attempt to effect service. This fails to provide the specific dates and level of detail required to allow a trial court to determine whether a plaintiff acted diligently. "[T]he plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Footnote omitted.) *Jones v. Brown*, 299 Ga. App. 418, 419 (683 SE2d 76) (2009); see also *Scanlan v. Tate Supply Co.*, 303 Ga. App. 9, 11 (692 SE2d 684) (2010).

The trial court found an absence of evidence showing any effort to locate Goins during the subsequent interval of time from October 2, 2009, until January 2010. Therefore, the trial court was authorized to determine that such an unexplained lapse of time from the period of the attempt to effect service upon Goins amounted to a failure to show the required diligence and that plaintiff is guilty of laches. *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006). This enumeration of error is without merit, and the trial court did not err in granting Goins's motion to dismiss.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 13, 2011.

*Kaplan & Lukowski, Jay D. Lukowski*, for appellant.

*Alycia Foggs-Anderson*, for appellee.