**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**April 23, 2013**

# In the Court of Appeals of Georgia

A13A0210. WALKER v. CULPEPPER.

MILLER, Judge.

Rodney Walker appeals from the trial court's grant of summary judgment to Connie Culpepper based upon its finding that Walker was guilty of laches since he did not serve Culpepper until ten months after the statute of limitations expired. Walker contends that the trial court erred in finding that he was guilty of laches because he exercised due diligence in accomplishing service. Discerning no error, we affirm.

"The determination of whether the plaintiff is guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on

appeal absent abuse." (Citations and punctuation omitted.) *McGhee v. Jones*, 287 Ga. App. 345, 346 (652 SE2d 163) (2007).

Here, the record shows that the accident occurred on April 7, 2009, and that Walker filed his complaint on March 30, 2011. Walker unsuccessfully attempted service on April 2, 2011, and again on May 2 and 4, 2011. Walker then moved for service by publication in May 2011, claiming that Culpepper had provided a fraudulent address and was concealing herself to avoid service. Walker's motion was accompanied by an affidavit of diligent search stating his unsuccessful attempts to serve Culpepper and that a search of two internet websites failed to provide a known address for Culpepper. In September 2011, Walker applied for service by publication and attached an affidavit of diligent search that was identical to the affidavit filed in May 2011. In December 2011, Walker again applied for service by publication, and the attached affidavit of diligent search was the same as those filed in May and September 2011. On December 27, 2011, the trial court denied Walker's motions to serve Culpepper by publication, finding that Walker failed to show due diligence.

Walker eventually served Culpepper in February 2012. In March 2012, Culpepper answered, raising the defense of, among other things, expiration of the statute of limitations, insufficiency of service of process, and laches. Culpepper filed

2

a motion for summary judgment on these same grounds, and following a hearing, the trial court granted Culpepper's motion.

On appeal, Walker contends that the trial court erred in granting summary judgment to Culpepper because the evidence shows that he was duly diligent in attempting to serve Culpepper, and that service was delayed because Culpepper deliberately evaded service. We disagree.

> The mere filing of a complaint does not commence suit unless timely service is perfected as required by law. And when such service is not timely made, the plaintiff bears the burden of showing lack of fault. If an action is commenced within the applicable statute of limitation, but is not served upon the defendant either within five days or within the limitation period, the plaintiff must show that [he] acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible. If he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation.

(Citations and punctuation omitted.) *Milton v. Goins*, 309 Ga. App. 865, 866-867 (2) (711 SE2d 415) (2011). Summary judgment is an appropriate remedy when the issue, as in this case, concerns the expiration of the statute of limitation. *Gaskins v. A. B. C. Drug Co.*, 183 Ga. App. 518, 520 (3) (359 SE2d 364) (1987).

Here, the evidence supports the trial court's finding that Walker did not establish due diligence. Notably, Walker's affidavits of diligent search show that he

3

first attempted to serve Culpepper on April 2, 2011, five days before the expiration of the two-year statute of limitations for personal injuries. See OCGA § 9-3-33. Walker attempted to serve Culpepper at what he believed to be her last known address, but there is no explanation as to how this conclusion was reached. Walker stated that he made substantial efforts to determine Culpepper's correct address, but he did not explain what specific efforts were undertaken. It was not until May 2, 2011, a month after his initial attempt to serve Culpepper, that Walker attempted to serve Culpepper at the address where she actually resided. Walker claims that Culpepper's evasive actions prevented him from effecting service in May 2011, and that he tried to locate her through internet websites. However, there are no details or dates to show continued diligence after May 2011. "The plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Citations and punctuation omitted.) *Milton*, supra, 309 Ga. App. at 867 (2). Walker's evidence shows no attempts to serve Culpepper at her residence during the period of time between May 2011 and February 2012. Consequently, the trial court did not abuse its discretion in concluding that Walker failed to establish due diligence and therefore was guilty of laches. See *Milton*, supra, 309 Ga. App. at 867 (2); *Duffy v.*

*Lyles*, 281 Ga. App. 377, 379 (636 SE2d 91) (2006). Therefore, the trial court did not err in granting Culpepper's motion for summary judgment.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*