**THIRD DIVISION**
**ELLINGTON, P. J.**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 7, 2016**

# In the Court of Appeals of Georgia

A15A1964.  CASCADE  PARC  PROPERTY  OWNERS  PE-037
ASSOCIATION, INC. v. CLARK.

PETERSON, Judge.

Cascade Parc Property Owners Association, Inc. ("Cascade Parc") brought a refiled action against Stephani Rebecca Clark seeking to recover unpaid homeowners' association fees, interest, and other charges. Cascade Parc appeals from the trial court's denial of its motion for service by publication and subsequent dismissal of its complaint for failure to perfect service. Because the trial court's order effectively rewarded Clark's impermissible knowing evasion of service, we reverse.

Clark failed to file a responsive brief, and so she is deemed to admit the statement of facts as set out by Cascade Parc to the extent supported by the record. *See Green v. Waddleton*, 288 Ga. App. 369, 369 n.1 (654 SE2d 204) (2007). So

viewed, the facts show that Cascade Parc initially filed suit against Clark on November 4, 2014, seeking to recover unpaid homeowners' association fees, interest, and other charges. Shortly after the complaint was filed, Cascade Parc unsuccessfully attempted service on a vacant unit in Atlanta. The trial court subsequently ordered Cascade Parc to perfect service on Clark or show cause why the case should not be dismissed by December 5, 2014. Cascade Parc located another address for Clark and attempted to serve her on December 2nd without success. On December 3rd, Clark, who apparently had moved to Texas, spoke with a Texas process server by phone and agreed to meet and accept service, but then reneged on her agreement on December 4th, refusing to accept service or to make herself available for service. Cascade Parc did not perfect service on Clark nor did it show cause why the case should not be dismissed by the court-ordered deadline. Rather, on December 18th, Cascade Parc moved for service by publication, but the trial court denied the motion and dismissed without prejudice Cascade Parc's complaint for failure to perfect service.

Cascade Parc then refiled suit on February 2, 2015. On February 24th, service was attempted on Clark at her residence in Texas, but the process server stated via affidavit that after speaking to her through a speaker on a security keypad, Clark refused to grant entry to the building to the process server, or to otherwise make

2

herself available for service, saying the documents "have nothing to do with her." Two days later service was re-attempted at the same address unsuccessfully, and the service processor was unable to access Clark's residence.

Three weeks later, Cascade Parc filed a motion for service by publication. On March 31, 2015, the trial court denied the motion, finding that Cascade Parc had not "exercised due diligence in pursuing reasonably available channels of information to locate and perfect service" and stating that the court was "unpersuaded that [Clark] is concealing herself to avoid service." The court also issued an order directing Cascade Parc to perfect service or show cause why the court should not dismiss by April 17th. Cascade Parc filed a motion for reconsideration of the trial court's order denying the motion for service, but apparently did not otherwise again attempt to serve Clark within the time ordered by the court. The court denied the motion for reconsideration, and then dismissed Cascade Parc's complaint for failure to perfect service upon Clark. This appeal followed.

On appeal, Cascade Parc claims that the trial court erred when it (1) denied Cascade Parc's motion for service by publication, and (2) dismissed Cascade Parc's complaint sua sponte for failure to perfect service. We agree and reverse.

We review a trial court's denial of a motion for service by publication and associated dismissal of a complaint for an abuse of discretion. *See Bailey v. Lawrence*, 235 Ga. App. 73, 77-78 (2) (508 SE2d 450) (1998) (analyzing analogous provision for service by publication under the uninsured motorist provisions of OCGA § 33-7-11(e)), *overruled on other grounds by Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 319-21 (2) (765 SE2d 413) (2014); *Pickens v. Nationwide Mut. Ins. Co.*, 197 Ga. App. 550, 551 (398 SE2d 792) (1990) (same). *See also Bailey v. Bailey*, 252 Ga. App. 175, 177 (1) (555 SE2d 853) (2001).

The purpose of Georgia's service laws is to give the defendant fair notice of the lawsuit against him.[1] *See Melton v. Johnson*, 242 Ga. 400, 403-04 (249 SE2d 82) (1978).

> It is the duty of a defendant to accept and submit to the service of process when he is aware of the process server's purpose. It is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a

---

[1]OCGA § 9-10-94 "provides that service under the long arm statute is the same as that for persons found within the state" under OCGA § 9-11-4. *Lee v. Pace*, 252 Ga. 546, 547 (2) (315 SE2d 417) (1984); *see also* OCGA § 9-10-94. Service by publication on a non-resident is permissible. *See Marbury v. Marbury*, 256 Ga. 651, 652 (1) (352 SE2d 564) (1987).

reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons.

*Jacobson v. Garland*, 227 Ga. App. 81, 83 (1) (487 SE2d 640) (1997) (citation and internal punctuation omitted). When a defendant knows that a process server is physically present and attempting service, but the defendant still attempts to evade service, we have held that service may be accomplished by simply leaving the papers at the residence. *See, e.g.*, *Newsome v. Johnson*, 305 Ga. App. 579, 582-83 (1) (699 SE2d 874) (2010) (service proper where papers left outside of door after process server verified defendant's identity through the door, but defendant refused to open the door); *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 665 (4) (697 SE2d 233) (2010) (service sufficient where person meeting the description of the defendant's wife declared that she was not the defendant and then closed the garage door and process server dropped complaint and summons on the garage floor); *Hickey v. Merrit*, 128 Ga. App. 764, 765 (197 SE2d 833) (1973) (service sufficient where papers left outside door after defendant talked to marshal through the door but refused to open it, and where defendant was seen through the window). The defendant attempting to evade service "cannot seek to benefit from her own refusal to cooperate." *Newsome*, 305 Ga. App. at 583 (1).

5

Here, although Cascade Parc might have chosen simply to leave papers for Clark and argue proper service under the above-cited Georgia law, it instead undertook additional effort to secure service by filing a motion for service by publication. The trial court denied Cascade Parc's motion for service by publication after finding that it had not "exercised due diligence in pursuing reasonably available channels of information to locate and perfect service" upon Clark, and further noted that the court was "unpersuaded that [Clark] is concealing herself to avoid service[,]" and denied reconsideration, noting that nothing changed the court's original analysis and that although Clark had "apparently refused to permit the process server entry into a building, nothing in the record suggests that [Clark], who has been located, has concealed herself."

It is unclear what additional "channels of information" the trial court believed Cascade Parc should have pursued, or what relevant information those channels might have provided. Cascade Parc did locate Clark's residence. Cascade Parc attempted service at that residence multiple times, but the defendant, who knew service of the lawsuit was being attempted, evaded the process server by remaining behind a locked

6

door. Whether or not this constituted "concealment" is beside the point,[2] as the defendant had a duty to accept and submit to the service. *See Jacobson*, 227 Ga. App. at 83 (1). Under these circumstances, the trial court should have granted Cascade Parc's motion for service by publication, and erred by denying it and dismissing the case. *See Luca v. State Farm Mut. Auto Ins. Co.*, 281 Ga. App. 658, 660-63 (1) (637 SE2d 86) (2006) (trial court abused its discretion in denying motion for service by publication); *Wentworth v. Fireman's Fund Am. Ins. Co.*, 147 Ga. App. 854, 854-55 (I) (250 SE2d 543) (1978) (where due diligence was shown in attempt to track down defendant, request for service by publication should be granted). *See also Lee*, 252 Ga. at 547 (2). Given our conclusion, the trial court also erred in ruling that it had inherent authority to dismiss the case due to failure to prosecute and abandonment.

*Judgment reversed and case remanded. Ellington, P. J., and Dillard, J., concur.*

---

[2]A finding of "concealment" is not necessary. OCGA § 9-11-4(f)(1)(A) provides for service by publication where the defendant conceals herself *or* resides out-of-state. OCGA § 9-11-4(f)(1)(A); *Luca v. State Farm Mut. Auto Ins. Co.*, 281 Ga. App. 658, 663 (1) n.27 (637 SE2d 86) (2006). The statute is disjunctive and gives independent grounds for service by publication. *Id.*