**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2020**

# In the Court of Appeals of Georgia

A19A1661. SMITH v. BROOKS et al.

REESE, Judge.

Cheryl B. Smith appeals from an order of the State Court of Fulton County, which granted motions to dismiss her personal injury complaint filed against Emmanuel K. Brooks and against United States Automobile Association ("USAA"), Smith's uninsured motorist ("UIM") carrier (collectively, the "Appellees"). The state court denied Smith's motion for service by publication and dismissed the complaint on the ground that Smith had failed to serve Brooks within the two-year statute of limitation.[1] For the reasons set forth infra, we reverse the judgment and remand the case for proceedings not inconsistent with this opinion.

---

[1] See OCGA § 9-3-33.

According to the complaint, which was filed on April 17, 2018, "on or about June 12, 2016," Smith was traveling on Windward Parkway in Fulton County when Brooks negligently failed to maintain a proper lookout and failed to yield to Smith's vehicle, resulting in a head-on collision and severe injuries to Smith. The sheriff attempted to serve Brooks on April 30, 2018, at the Sandy Springs address provided in the complaint, but the resident informed the sheriff that Brooks did not live there.

On June 29, 2018, Brooks filed a notice of special appearance and answer, raising, inter alia, the defense of insufficiency of service of process. In early September 2018, the Appellees filed motions to dismiss the complaint. On October 2, 2018, Smith filed a motion for service by publication, to which she attached an affidavit from her attorney.

The state court denied Smith's motion and granted the Appellees' motions to dismiss. The court found that between April 17, 2018, when the complaint was filed, and June 12, 2018, when the two-year statute of limitation expired, Smith was required to act in a "reasonable and diligent manner" in attempting to ensure proper service on Brooks. However, the only evidence of her efforts during that time period was one attempt by the sheriff's department to serve Brooks. Because approximately six weeks had passed between the sheriff's return of service non est inventus on May

1, 2018, and the expiration of the limitation period, the state court found that Smith had not exercised reasonable or due diligence.

The state court further found that Smith failed to show that she had acted with "the greatest possible diligence" after the statute of limitation expired and Brooks raised the issue of defective service. Thus, service would not relate back to the time of the filing of the complaint. Although Smith attempted to blame defense counsel for the delay, she failed to show any details or attempts to serve Brooks in the nearly ten weeks between when the sheriff returned service as non est inventus and her next attempt at service.

Accordingly, the state court dismissed Smith's claims against Brooks and denied Smith's motion for service by publication, filed nearly four months after the expiration of the limitation period and more than three months after the Appellees raised the service issues. And, because Smith could not obtain a judgment against Brooks, she could not satisfy a condition precedent to recovering against her UIM carrier. Thus, the state court dismissed Smith claims against USAA as well. This appeal followed.

"We review a trial court's denial of a motion for service by publication and associated dismissal of a complaint for an abuse of discretion."[2] "When a question of law is at issue, such as whether the statute of limitation bars an action, we owe no deference to the trial court's ruling and apply the plain legal error standard of review."[3] With these guiding principles in mind, we turn now to Smith's claims of error.

1. Smith contends that the trial court applied an improper standard for due diligence under OCGA § 33-7-11 (e) and failed to consider whether Brooks was evading or otherwise avoiding service.[4] We agree.

OCGA § 33-7-11 (e) provides in part:

In cases where the owner or operator of any vehicle causing injury or damage is known and either or both are named as defendants in any action for such injury or damages but the person[: (1)] resides out of the

---

[2] *Cascade Parc Property Owners Assn. v. Clark*, 336 Ga. App. 94, 95 (783 SE2d 692) (2016) (analyzing analogous provision in OCGA § 9-11-4 (f) (1) (A)); see also *Kelley v. Lymon*, 279 Ga. App. 849, 850 (1) (632 SE2d 734) (2006) (finding of insufficient service of process also reviewed for abuse of discretion).

[3] *Moreno v. Carniceria Loa #2*, 351 Ga. App. 662 (832 SE2d 656) (2019).

[4] See *Wilson v. State Farm Mut. Automobile Ins. Co.*, 239 Ga. App. 168, 170-171 (520 SE2d 917) (1999), overruled in part on other grounds by *Ragan v. Mallow*, 319 Ga. App. 443, 447 (2) (744 SE2d 337) (2012).

state, [(2)] has departed from the state, [(3)] cannot after due diligence be found within the state, *or* [(4)] conceals himself to avoid the service of summons, and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear either by affidavit or by a verified complaint on file that a claim exists against the owner or driver in respect to whom service is to be made and that he is a necessary or proper party to the action, the judge may grant an order that the service be made on the owner or driver by the publication of summons.[5]

Here, the trial court erroneously denied Smith's motion for service by publication on the ground that she had "failed to show due diligence in attempting service[.]" The court found that Smith had "failed to provide specific details or dates as to what efforts were made to locate [Brooks], other than the conclusory statements in the affidavits." The court quoted from our decision in *Walker v. Culpepper*: "'The plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements.'"[6]

---

[5] (Emphasis supplied.)

[6] 321 Ga. App. 629, 631 (742 SE2d 144) (2013) (citation and punctuation omitted), overruled in part on other grounds by *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 320-321 (2) (765 SE2d 413) (2014).

5

In *Walker*, we reviewed the grant of summary judgment based on insufficiency of service of process and the expiration of the statute of limitation.[7] We did not address the trial court's prior denial of the plaintiff's motion for service by publication.[8] Reviewing the grant of summary judgment, we held that "the evidence supports the trial court's finding that Walker did not establish due diligence."[9] We quoted the statement included in the trial court's order and concluded: "[The plaintiff's] evidence shows no attempts to serve [the defendant] at her residence between May 2011 and February 2012. Consequently, the trial court did not abuse its

---

[7] *Walker*, 321 Ga. App. at 630.

[8] See id. The *Walker* court cites our prior decision in *Milton v. Goins* for the quote included in the trial court's opinion. In *Milton*, we affirmed the grant of a motion to dismiss due to lack of service, and did not address the grant or denial of any motion for service by publication. See *Milton*, 309 Ga. App. 865, 867 (2) (711 SE2d 415) (2011), overruled in part on other grounds by *Giles*, 330 Ga. App. at 320-321 (2). See also *Jones v. Brown*, 299 Ga. App. 418, 419 (683 SE2d 76) (2009) (cited in *Milton* and also not involving a motion for service by publication), overruled in part on other grounds by *Giles*, 330 Ga. App. at 320-321 (2); *Scanlan v. Tate Supply Co.*, 303 Ga. App. 9 (692 SE2d 684) (2010) (same), overruled in part on other grounds by *Giles*, 330 Ga. App. at 320-321 (2).

[9] *Walker*, 321 Ga. App. at 631.

discretion in concluding that [the plaintiff] failed to establish due diligence and therefore was guilty of laches."[10]

By contrast, "[t]he correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) is diligence in determining that an uninsured motorist is either out of state or avoiding service."[11] In the affidavit attached to Smith's motion for service by publication, her attorney testified that a claim existed against Brooks and that Brooks was a necessary and proper party to the action. Further, Smith's attorney testified that the sheriff had been unable to effectuate service at the addresses found as a result of an investigation conducted by a professional process server. Smith's attorney also testified that Brooks's attorney had objected to a request to USAA to produce Brooks's last known address. Smith's attorney concluded that "[Brooks] cannot be located, as [he] resides out of state, has departed from the state, cannot after due diligence be found within the state and/or is otherwise concealing himself to avoid service of summons."

> The trial court apparently faulted [Smith] further for failing "to ascertain defendant's location," but the applicable standard did not

---

[10] Id.

[11] *Luca v. State Farm Mut. Automobile Ins. Co.*, 281 Ga. App. 658, 660 (1) (637 SE2d 86) (2006) (punctuation and footnote omitted).

7

require her to do so. Pursuant to the disjunctive language of OCGA § 33-7-11 (e) and the grounds advanced below by [Smith], the applicable standard required [Smith] to show diligence in determining that [Brooks] either had "departed from the state" or "could not after due diligence be found within the state.[12]

Because the trial court instead found only that Smith "failed to show due diligence in attempting service," it applied the wrong standard of law, and thus committed plain legal error.[13]

2. Smith contends that the trial court erred when it found, without holding an evidentiary hearing, that the statute of limitation had expired.

In determining that Smith had not exercised sufficient diligence in attempting to serve Brooks and was thus guilty of laches, the trial court found that there was no evidence before it "attesting to the dates and details of [Smith] or her process server's attempts to confirm and ensure [Smith] in fact perfected service upon [Brooks]." The court cited to Smith's attorney's affidavit attached to the motion for service by publication.

---

[12] *Luca*, 281 Ga. App. at 663 (1) (punctuation and footnotes omitted).

[13] See *Wilson*, 239 Ga. App. at 171-172 ("When the trial court exercised its discretion under a mistaken standard of law, this constituted plain legal error.").

As discussed in Division 1, "[t]he correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) is diligence in determining that an uninsured motorist is either out of state or avoiding service."[14] Because the trial court applied a mistaken standard of law in considering Smith's attorney's affidavit, the grant of the motion to dismiss also constitutes plain legal error.[15]

Accordingly, we reverse both the denial of Smith's motion for service by publication and the Appellees' motions to dismiss and remand for further proceedings.

*Judgment reversed and case remanded. Miller, P. J., and Rickman, J., concur.*

---

[14] *Luca*, 281 Ga. App. at 660 (1) (punctuation and footnotes omitted).

[15] See *Wilson*, 239 Ga. App. at 171-172.