**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 24, 2021**

# In the Court of Appeals of Georgia

A21A0098. HUMPHRIES v. WEEKLY.

MARKLE, Judge.

After Chandler Humphries was involved in a motor vehicle accident with Sean P. Weekly, Humphries filed suit against Weekly for personal injuries he sustained as a result of the collision. When Humphries was unable to perfect service of the suit on Weekly, the trial court denied his motion for service by publication, and dismissed the action. Humphries now appeals, arguing that the trial court erred by (1) applying the wrong standard in denying his motion for service by publication; and (2) dismissing the action with prejudice for failure to perfect service of process, despite evidence that the statute of limitation on Humphries's claim had been tolled. For the reasons that follow, we vacate the trial court's order, and remand the case with direction for the trial court to apply the proper standard and make findings of fact and

conclusions of law under the applicable standard with this respect to its denial of the motion for service by publication, and to reconsider the motion to dismiss after applying the proper standard to the service issue.

> We review a trial court's denial of a motion for service by publication and associated dismissal of a complaint for an abuse of discretion. When a question of law is at issue, such as whether the statute of limitation bars an action, we owe no deference to the trial court's ruling and apply the plain legal error standard of review.

(Citations and punctuation omitted.) *Smith v. Brooks*, 354 Ga. App. 78, 79 (840 SE2d 156) (2020); see also *Cascade Parc Property Owners Assn. v. Clark*, 336 Ga. App. 94, 95 (783 SE2d 692) (2016).

On August 4, 2017, Humphries was waiting to make a left turn off the highway when Weekly rear-ended him, running him off the roadway and causing Humphries severe injuries. Humphries filed a complaint for personal injuries against Weekly on February 1, 2019. The record shows that the sheriff attempted, but failed, to serve the complaint on Weekly in March 2019, at an address in Rockdale County. Thereafter, in May 2019, Humphries filed a motion to appoint a special process server, which the

trial court granted. In the meantime, Humphries perfected service on Weekly's uninsured motorist (UM) carrier.[1]

Weekly filed a special appearance answer in the case, admitting to causing the accident, but denying the allegations as to his residence, and asserting defenses including insufficient service of process, and laches. Weekly then filed a motion to dismiss for failure to perfect service of process, alleging that the statute of limitation had run under OCGA § 9-3-99 on October 12, 2019. when Weekly's traffic citation for the accident was resolved by bond forefeiture. Humphries opposed the motion to dismiss, arguing that the statute of limitation had been tolled under OCGA § 9-3-94 because Weekly was concealing himself and evading service of process, and he moved the trial court for service by publication pursuant to OCGA § 33-7-11 based on information that Weekly could not be located in, or had left, the state, and was concealing himself. Humphries attached to his motion for service by publication affidavits and other evidence, illustrating his attempts to perfect service on Weekly.

The affidavits show that in April 2019, Humphries contacted Weekly's parents, who indicated Weekly was working out of town and living in Florida, but they

___

[1] The record shows that the UM carrier filed an answer, defenses, and a cross-claim, and opposed Humphries's motion for service by publication, but it is not a party to the appeal.

refused to provide Weekly's address. In June 2019, Humphries's counsel requested that Weekly's counsel acknowledge service, which counsel declined, and she further refused to provide Weekly's address. Humphries's counsel averred that he had spoken to Weekly directly and informed him of his efforts to serve him. Weekly acknowledged that he knew of the lawsuit and indicated that he was working between Florida and New York, but he refused to offer an address where he could be served.

The record further reflects that Humphries made several attempts to perfect service on Weekly at different addresses in the state using various service methods, including having the Rockdale sheriff's department attempt service at the last known address, employing a court-appointed special process server and a private investigator who conducted a skip trace, all of which were unsuccessful. Humphries attempted service on two addresses associated with Weekly, but was told by the current residents that Weekly did not live there. Humphries also made several attempts to serve Weekly at his brother's house, but no one would answer the door. In November 2019, the claims manager for Weekly's insurance carrier refused to provide information on Weekly's whereabouts, stating "I am confident you are not going to find my guy."

4

Following a hearing, the trial court summarily denied Humphries's motion for service by publication and granted Weekly's motion to dismiss the case. Humphries moved for reconsideration, which the trial court also denied.[2] Humphries now appeals.

1. Humphries first argues that the trial court abused its discretion in denying his motion for service by publication because it applied the wrong legal standard of due diligence when it failed to consider whether Weekly could not be found within or had departed the state, or was concealing himself to avoid service. Because we cannot determine which standard the trial court applied in its ruling, we must vacate the trial court's order, and remand this case with direction to make appropriate factual findings and legal conclusions under the applicable standard.

OCGA § 33-7-11 (e) provides,

[i]n cases where the owner or operator of any vehicle causing injury or damage is known and either or both are named as defendants in any action for such injury or damages but the person resides out of the state, has departed from the state, cannot after due diligence be found within

---

[2] The trial court ruled on Humphries's motion for reconsideration after he filed his notice of appeal below. Hence, the trial court was without jurisdiction to rule on the motion for reconsideration, and thus we vacate that order, and the appeal is properly before this Court. See *Mughni v. Beyond Mgmt. Group, Inc.*, 349 Ga. App. 398, 402 (3) (825 SE2d 829) (2019).

the state, or conceals himself to avoid the service of summons, and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear either by affidavit or by a verified complaint on file that a claim exists against the owner or driver in respect to whom service is to be made and that he is a necessary or proper party to the action, the judge may grant an order that the service be made on the owner or driver by the publication of summons.

See *Smith*, 354 Ga. App. at 80 (1); see also OCGA § 9-11-4 (f) (1) (A). "[T]he correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) is diligence in determining that an uninsured motorist is either out of state or avoiding service." *Smith*, 354 Ga. App. at 81 (1); see also *Luca v. State Farm Mut. Automobile Ins. Co.*, 281 Ga. App. 658, 660 (1) (637 SE2d 86) (2006). As we have explained, the standard is not simply diligence in attempting service. *Smith*, 354 Ga. App. at 81 (1).

Here, the evidence clearly shows that Humphries made several attempts, through the sheriff's department, a court-appointed process server, and a private investigator, to serve Weekly at different addresses within the state, but to no avail, and that Weekly was out of state and apparently evading service. However, because the trial court's order denying Humphries's motion for service by publication did not provide the legal or factual basis for doing so, we cannot determine what standard the

6

trial court applied.[3] See *Smith*, 354 Ga. App. at 80 (1); see also *Luca*, 281 Ga. App. at 660 (1). Accordingly, we vacate the trial court's order and remand this case with direction to the trial court to make appropriate factual findings and legal conclusions under the applicable standard. *Doxey v. Crissey*, No. A21A0203, __ Ga. App. __ (__ SE2d __), 2021 WL 2373720, at * 4 (2021) (physical precedent only).

2. Humphries next argues that the trial court erred in dismissing his action with prejudice for failure to perfect service where the evidence showed that the statute of limitation had been tolled under OCGA § 9-3-94 because Weekly was actively evading service.

Generally, pursuant to OCGA § 9-3-33, "[e]xcept as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues. . ." Under OCGA § 9-3-94, however, that period is tolled during a defendant's absence from the state until he returns.

Here, the accident occurred in August 2017, Humphries filed his complaint in February 2019, and he first attempted service the following month. Ordinarily, the statute of limitation would have run on the case in August 2019. In his motion to

---

[3] In its order, the trial court specifically indicated that it considered the motions, responses, and the oral arguments presented at the hearing.

dismiss, Weekly asserted that the statute of limitation ran under OCGA § 9-3-99 on October 12, 2019, when his traffic citation was resolved by bond forefeiture, and he argues on appeal that the tolling provisions under OCGA § 9-3-94 do not apply under the facts of this case. Humphries, however, disputes this claim, asserting instead that the statute of limitation was tolled under OCGA § 9-3-94 due to Weekly's act of leaving the state, and thus actively concealing himself in order to evade service.

Again, as with its denial of the motion for service by publication, because the trial court did not provide the legal or factual basis for its conclusions, we can not determine the trial court's basis for dismissing the action.[4] As such, we must vacate the trial court's order on this ground as well, and remand the case to the trial court.

Accordingly, we vacate the trial court's order, and remand the case with direction for the trial court to apply the proper standard and make findings of fact and conclusions of law under the applicable standard with this respect to its denial of the

---

[4] It is likely that the trial court dismissed Humphries's complaint because he did not serve Weekly prior to expiration of the statute of limitations. However, we cannot make that determination based on the trial court's order here. Notably, in *Smith*, we found that the grant of the motion to dismiss based on the trial court's use of an incorrect legal standard in denying the motion for service by publication constituted plain legal error. *Smith*, 354 Ga. App. at 82 (2).

motion for service by publication, and to reconsider the motion to dismiss after applying the proper standard to the service issue. *Doxey*, No. A21A0203, __ Ga. App. __ at __, 2021 WL 2373720, at * 4.

*Judgment vacated, and case remanded with direction. Barnes, P. J., and Gobeil, J., concur.*