**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 29, 2021**

# In the Court of Appeals of Georgia

A21A1369. WATTS v. BRITTIAN.

BROWN, Judge.

Telisha Watts filed this personal injury action against Willie Brittian for injuries she allegedly sustained when Brittian collided with Watts' vehicle. After Brittian failed to file an answer, the trial court entered final judgment in favor of Watts. Brittian subsequently filed a motion to set aside the judgment, asserting lack of proper service, which the trial court granted. After Watts failed to serve him, Brittian moved to dismiss Watts' action. In response, Watts filed a motion for service by publication. The trial court denied Watts' motion and dismissed the action. Watts appeals, contending that the trial court erred in (1) setting aside the final order and judgment previously entered against Brittian and (2) denying her motion for service by publication. We affirm.

The pertinent facts are as follows. According to the affidavit of service filed by Watts on March 14, 2019, Watts served Brittian at his home by delivering a copy of the complaint and summons to Johnnet Garland, Brittian's stepdaughter. After Brittian failed to file an answer, Watts requested a default judgment, and the trial court held a May 26, 2020 hearing on damages and entered a final order and judgment on May 27, in favor of Watts in the amount of $35,000 plus post-judgment interest.

On September 10, 2020, Brittian filed a motion to set aside the final judgment pursuant to OCGA § 9-11-60 (d), averring that his stepdaughter was not of suitable discretion to accept service on his behalf and that he did not receive actual notice of the lawsuit until after the final judgment was rendered against him. According to Brittian's affidavit, his stepdaughter was 18 years old at the time of service, but

> suffers from mental challenges which include a significant inability to comprehend basic matters and to understand the gravity of the suit papers that were served upon her. She requires adult supervision to assist her with her daily affairs, and she cannot provide herself the basic necessities of food, shelter, or clothing without the assistance of others. While she has never been declared incompetent by any [c]ourt, she has always been cared for by family members. She currently resides with a family member in Virginia.

2

On October 21, 2020, the trial court granted Brittian's motion, setting aside the final judgment, and ordered Watts to serve Brittian within 60 days of entry of the order.

Seventy-eight days later, Brittian filed a motion to dismiss, asserting that he was not served in the sixty-day period as ordered by the court and that the applicable statute of limitation had expired.[1] See OCGA § 9-3-33 (two-year statue of limitation applies to actions for injuries to the person). In response, Watts moved for service by publication and opposed Brittian's motion, asserting that Brittian was evading service. In support of her motion, Watts submitted two affidavits from a process server. According to one affidavit, on October 22, 2020 — the day after the trial court entered its order — the process server attempted to serve Brittian at the same address at which the stepdaughter had been given the complaint and summons. However, a "[n]eighbor confirmed that address has been vacant for some time." In the second affidavit, the process server averred that he attempted to serve Brittian at a different address on December 28, 29, and 30, 2020 — after the trial court's 60-day deadline for service. On each occasion, no one answered, and the process server could not see

---

[1] According to Watts' complaint, the collision occurred on October 18, 2017.

3

inside the house.[2] On the third occasion, the process server knocked on a neighbor's door, but no one answered. Watts also stated in her objection that a skip trace performed after the first service attempt yielded no address, but a subsequent skip trace yielded the second address. The court denied the motion for service by publication and granted Brittian's motion to dismiss the action. Watts appeals, but does not enumerate as error the dismissal of her action.

1. Watts first contends that the trial court erred in setting aside the final judgment against Brittian based on Brittian's affidavit that his stepdaughter was not of suitable discretion to accept service on his behalf because the affidavit was not based on sufficient evidence. A motion to set aside may be brought to set aside a judgment based upon, inter alia, lack of jurisdiction over the person or the subject matter. OCGA § 9-11-60 (d) (1).

> When the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. . . . Our standard of review in this regard is the "any evidence" rule, and absent an abuse of discretion, we will not reverse a trial court's [decision] to set aside a judgment.

---

[2] The process server averred that there were two vehicles in the driveway, but one looked inoperable and the other looked as though it had not been driven recently.

(Citations omitted.) *Smith v. Wood*, 174 Ga. App. 799 (1) (331 SE2d 636) (1985).

Accord *Aikens v. Brent Scarbrough and Co.*, 287 Ga. App. 296, 297 (651 SE2d 214) (2007). "Generally, a return of service is prima facie evidence of the facts recited therein, but it may be rebutted by proof that such facts are untrue. Such proof may include, along with other evidence to impeach the return of service, sworn statements made on personal knowledge." (Citations and punctuation omitted.) *Anglin v. State Farm Fire and Casualty Ins. Co.*, 348 Ga. App. 362, 365 (1) (823 SE2d 51) (2019).

> Pursuant to OCGA § 9-11-4,
>
> [s]ervice shall be made by delivering a copy of the summons attached to a copy of the complaint . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

(Emphasis supplied.) OCGA § 9-11-4 (e) (7). While "suitable . . . discretion" has not been defined by a Georgia court, federal courts have explained that "[d]iscretion for service of process denotes the capacity and maturity to act wisely and prudently."

(Citation and punctuation omitted.) *Boston Safe Deposit and Trust Co. v. Morse*, 779 FSupp. 347, 350 (II) (S.D.N.Y. 1991).[3]

In *Trammel v. Natl. Bank of Ga.*, 159 Ga. App. 850 (285 SE2d 590) (1981), this Court addressed whether the defendants' twelve-year-old daughter was a person of suitable age and discretion to accept service. After noting that the only evidence the defendants submitted in support of their contention that the daughter was not of suitable age and discretion was that she was twelve years old, we refused to hold as a matter of law that a twelve year old is not a person of suitable age and discretion because "[t]his is a factual matter." Id. at 852-853 (1). Moreover, we pointed out that the "fact that the defendants received the service from the person served is some indication that that person was of suitable age and discretion and that service was effectuated in such a manner to reasonably accomplish it." Id. at 852 (1).

Here, Brittian sought to rebut the fact that his stepdaughter was a person of "suitable discretion" as stated in the return of service, submitting a sworn affidavit

---

[3] "Because Georgia's Civil Practice Act is modeled on the Federal Rules of Civil Procedure, decisions of the federal courts interpreting the federal rules are persuasive authority." (Citation and punctuation omitted.) *Synovus Bank v. Peachtree Factory Ctr.*, 331 Ga. App. 628, 630, n.2 (770 SE2d 887) (2015). See also *Trammel v. Natl. Bank of Ga*, 159 Ga. App. 850, 851 (1) (285 SE2d 590) (1981) ("the Federal Rule was amended to permit service upon 'some person of suitable age and discretion then residing therein' — the same wording adopted by our CPA").

6

explaining his stepdaughter's mental capacity. Based on this affidavit, the trial court found that Brittian had "successfully rebutted the [presumption of valid] service. Particularly here, where the mentally challenged person lives out of state and there are no medical records proving incompetence, the Defendant step-father's testimony as to the person's competence is all that is reasonably required." Because the court's findings are supported by evidence in the record and the court was within its discretion to conclude that Brittian's stepdaughter was not a person of "suitable discretion" to accept service on Brittian's behalf and that Brittian was not properly served, we affirm the court's order setting aside the judgment. See *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989) ("[T]he trial court considered the conflicting evidence and ruled in favor of defendant, granting his motion to set aside the judgment. The sworn affidavit of the defendant was direct evidence and therefore sufficient to contradict the return of service, if believed. This court will not interfere with the judgment. . . ."). Compare *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983).

2. Watts contends that the trial court erred in denying her motion for service by publication because Brittian was evading service. This argument is also without merit.

"Georgia law allows service to be perfected by publication upon a proper showing that the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons. OCGA § 9-11-4 (f) (1) (A)." (Punctuation omitted.) *Henderson v. James*, 350 Ga. App. 361, 364 (829 SE2d 429) (2019). "We review a trial court's denial of a motion for service by publication and associated dismissal of a complaint for an abuse of discretion." *Cascade Parc Property Owners Assn. v. Clark*, 336 Ga. App. 94, 95 (783 SE2d 692) (2016).

In its order, the trial court found as follows:

[Watts] has not shown by affidavit that [Brittian] resides out of state, has departed from the state, cannot after due diligence be found within the state, or has concealed himself to avoid the service of summons. The only affidavits in the record concerning service are from process servers, and the only thing they show is four attempts at service at two different addresses. [Watts] makes arguments in [her] brief, e.g.[,] she explains that she performed a skip trace to find the second address, but she does not support her arguments with evidence. "The correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) is diligence in determining that an uninsured motorist is either out of state or avoiding service.[" *Smith v. Brooks*, 354 Ga. App. 78, 81 (840 SE2d 156) (2020)]. [Watts] has shown no such diligence. She has not looked

online, or even asked opposing counsel to accept service. Therefore, the [c]ourt cannot find published service to be appropriate.[4]

The record supports the trial court's findings. There is no evidence that Brittian resides outside of Georgia or has departed the state, nor did Watts assert this in her motion for service by publication. Nor is there any evidence showing that Brittian concealed himself to avoid service. See *Baxley v. Baldwin*, 279 Ga. App. 480, 483 (3) (631 SE2d 506) (2006) ("three fruitless visits to [defendant's] store does not demand a finding that [defendant] was wilfully concealing herself to avoid service"). While the process server's affidavit stated that no one answered the door at the second address he visited, there is no evidence that anyone was home or that this was even Brittian's residence. Compare *Clark*, 336 Ga. App. at 94-96 (trial court abused its discretion in denying plaintiff's motion for service by publication where plaintiff

_____

[4] The trial court cited OCGA § 33-7-11 (e) in its order, which "establishes the procedure for recovering from one's own uninsured motorist carrier after being injured by a tortfeasor who cannot be found." *Luca v. State Farm Mut. Auto. Ins. Co.*, 281 Ga. App. 658, 660 (1) (637 SE2d 86) (2006). It is unclear from the record whether any insurance company is involved in this lawsuit. Regardless, this Code section applies the same standard of diligence as the more general provision found in OCGA § 9-11-4. See id. (OCGA § 33-7-11 (e) "provides for service by publication where a plaintiff shows . . . that the tortfeasor resides out of the state, has departed from the state, cannot after due diligence be found within the state, or conceals himself to avoid the service of summons") (punctuation omitted).

9

presented evidence that it located defendant's residence, attempted service at that

residence multiple times, but the defendant, who knew service of the lawsuit was

being attempted, evaded the process server by remaining behind a locked door).

Finally, the process server's affidavits showing that service was attempted at

Brittian's old address once and a second possible address on three back-to-back days

fail to establish the required due diligence.[5] See *Styles v. Spyke Ten, LLC*, 342 Ga.

App. 122, 126 (802 SE2d 369) (2017) (lack of due diligence necessary for service by

publication where attorney's affidavit stated that he hired skip tracer to find

defendant's last known address, process server attempted service two times on same

day at the address, process server offered no evidence to show that defendant was

actually at the address at the time of the attempted service but avoided coming to the

door, and no evidence that attorney instructed the process server to investigate and

locate defendant for purposes of service). Accordingly, the trial court was within its

---

[5] Watts stated in her motion that she performed a skip trace to ascertain Brittian's whereabouts, and similarly states in her brief that she performed a background check which yielded the second address, but these assertions are not supported by evidence such as an affidavit. See, e.g., *Luca*, 281 Ga. App. at 658, 663 (1) (plaintiff's attorney's efforts to locate defendant were contained in affidavit filed with motion for service by publication). See also OCGA § 9-11-4 (f) (1) (A); *In the Interest of A. H.*, 339 Ga. App. 882, 884 (795 SE2d 188) (2016) ("[d]ue diligence is generally demonstrated by an affidavit").

10

discretion to deny Watts' motion for service by publication. And because Watts has not enumerated as error the trial court's dismissal of her action, that aspect of the court's order is not before us for review. See Court of Appeals Rule 25.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*