27230. BROWNLEE *v.* DALTON BOARD OF WATER, LIGHT, AND SINKING-FUND COMMISSIONERS.

DECIDED MARCH 1, 1939.

*W. E. & W. G. Mann,* for plaintiff. *Hardin & McCamy,* for defendant.

STEPHENS, P. J. 1. A department of a city government, cre-

ated by the city's charter, and which is authorized to discharge duties primarily resting upon a municipality, is an agency or instrumentality of the city government for the performance, for the municipality, of the duties imposed upon it. Such department is not a separate and distinct corporate entity which is subject to suit for its failure to perform, or for the violation of, any duty resting upon it unless it is so created by clear legislative intent. This is true notwithstanding the department has had expressly conferred upon it, by the legislative act creating it, the power and authority to make all contracts necessary for its operation, such as buying supplies, making improvements, and employing help for the performance of the duties conferred upon it, and although it is expressly provided that no contract made by the department shall be binding upon the city, but shall be binding upon the department only to the extent of the revenues derived from its operation and the performance of the functions conferred upon it. In the performance of such duties the department is acting as the agent or instrumentality of the municipality. 43 C. J. 738, § 1254; Scott v. Saratoga Springs, 199 N. Y. 178 (92 N. E. 393); Henry v. Saratoga Springs, 171 App. Div. (N. Y.) 827 (155 N. Y. Supp. 942); People ex rel. v. Faherty, 306 Ill. 119 (137 N. E. 506); Dobbs v. Brumby, 150 Ga. 599 (104 S. E. 440). The cases of Lawrence v. Atlanta Gas-Light Co., 49 Ga. App. 444 (176 S. E. 75), and Freeman v. Macon Gas-Light & Water Co., 126 Ga. 843 (56 S. E. 61, 7 L. R. A. (N. S.) 917), were suits against private corporations exercising public franchises, and for this reason are distinguishable.

2. Where the "Board of Water, Light & Sinking-Fund Commissioners" of the City of Dalton, is created by an act of the State legislature amendatory of the charter of the City of Dalton, not as a separate and distinct corporate entity with power to sue and be sued, but with powers conferred upon it to control the public utilities of the City of Dalton, with authority to make all contracts necessary for the operation of the utilities, to buy all needed supplies and material, to make all necessary improvements and extensions, to employ all help necessary to the operation of the utilities, to make all rates, rules, and regulations for the furnishing of water and lights to the inhabitants of the city, and to enforce the same, to deal in every way with the utilities as a separate and distinct

540

part of the city government, to collect all moneys due to the utilities, and to pay all debts, and where it is expressly provided that no contract made by the board "shall bind said city," but shall be binding upon the department of public utilities to the extent of the revenues derived from the operation of the utilities, the "Board of Water, Light & Sinking-Fund Commissioners" is an agency or instrumentality of the City of Dalton, a municipality, and in the performance of the powers and duties conferred, acts as the agency or instrumentality of the City of Dalton. Ga. L. 1913 p. 766. Such board is not a separate and distinct corporate entity from the city, and is not subject to suit by any one for damages sustained from any act of the board in the performance of the duties or powers conferred upon it.

3. In a suit against the "Board of Water, Light & Sinking-Fund Commissioners" of the City of Dalton, to recover damages alleged to have been sustained by the plaintiff growing out of the act of the defendant in allegedly wilfully and maliciously cutting off the water and lights from the house occupied and used by the plaintiff, a demurrer to the petition on the ground that the petition failed to set out any cause of action against the defendant, and that the defendant was not a body corporate capable of being sued, but was a mere department of the municipality "having control of the public utilities under appointment and direction of the governing body of the municipality," was properly sustained.

*Judgment affirmed. Sutton and Felton, JJ., concur.*