73585. FREEMAN et al. v. NODVIN.
73586. WEST et al. v. NODVIN.
(353 SE2d 546)

SOGNIER, Judge.

Marvin Nodvin brought suit against Thomas West, Sr. and four of West's children seeking attorney fees. The trial court denied a motion to dismiss on jurisdictional grounds made by three of the West children and we granted this interlocutory appeal in Case No. 73585. That appeal and the companion appeal by Thomas West from the trial court's order imposing sanctions and entering default against him for failure to comply with discovery in Case No. 73586 are consolidated in this opinion.

1. The record reveals that no service, personal or notorious, was made on T. West, Jr. or B. D. West. The record also reveals that although M. V. West Freeman is married and has a residence separate from her father and that this residence was correctly given in the complaint and in the service documents, no attempt was ever made to serve Freeman personally at her residence. Rather, the record reflects that a copy of the summons and complaint was left with Freeman's sister at the home of West, Sr. The younger sister, P. A. West, was the only West child personally served.

All four West children answered, generally denying the sufficiency of the process. P. A. West made a motion for summary judgment; the remaining West children moved the court pursuant to OCGA § 9-11-12 (d) to dismiss the complaint on the basis of their OCGA § 9-11-12 (b) (5) defense, filed affidavits setting forth the grounds for the insufficiency of the process and asserting other matters related to P. A. West's motion for summary judgment. A rule nisi was issued and after a hearing on the matters, the trial court denied P. A. West's motion for summary judgment (not here on appeal) and, addressing only Freeman's motion to dismiss, denied the motion on the basis that she waived proper service by addressing the merits of P. A. West's motion for summary judgment.

We reverse. OCGA § 9-11-4 (d) (7) provides that service shall be made "to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." " 'Where there is no process and no waiver of process, no valid suit arises.' [Cit.]" *State Hwy. Dept. v. Noble,* 220 Ga. 410, 414 (139 SE2d 318) (1964). Here, although service was attempted, no service, personal or notorious, was had as to T. West, Jr. and B. D. West. As to Freeman, there was no

attempt to serve her at her home nor was anyone at her residence left a copy of the summons and complaint; rather, the copy was left with a relative at a place other than Freeman's residence or usual place of abode. This service was insufficient. See *American Erectors v. Hanie,* 157 Ga. App. 687, 689 (2) (278 SE2d 196) (1981). *Brim v. Pruitt,* 178 Ga. App. 321 (342 SE2d 690) (1986) and *Sanders v. Johnson,* 181 Ga. App. 39 (351 SE2d 216) (1986), are thus distinguishable in that both involve service made to the defendant's residence, although not to a person residing therein. Nor do we find Freeman's action in filing an affidavit in support of P. A. West's motion for summary judgment constituted a waiver of service. *Bigley v. Lawrence,* 149 Ga. App. 249, 250 (253 SE2d 870) (1979) is distinguishable in that it was the party claiming insufficiency of process who filed the motion for summary judgment addressing the merits of the claim.

Accordingly, the trial court's denial of the motion to dismiss on jurisdictional grounds made by Freeman, T. West, Jr. and B. D. West was error.

2. West, Sr., in Case No. 73586, contends the trial court erred by imposing the sanction of default against him pursuant to OCGA § 9-11-37 (b) (2) (C). The trial court found that West had failed to timely respond to a request for production and later failed to appear on two occasions for the taking of his deposition. We need not address West's argument concerning his reasons for failing to provide the requested documents since the trial court was authorized under OCGA § 9-11-37 (d) to impose the OCGA § 9-11-37 (b) (2) (C) sanctions against West for failure to attend his deposition and we find no abuse of the trial court's discretion in determining West's failure was wilful so as to authorize the most drastic sanction under the statute. See *Freeman v. Ripley,* 177 Ga. App. 522 (339 SE2d 795) (1986). West's remaining enumeration is controlled adversely to him by *Danger v. Strother,* 171 Ga. App. 607, 609 (4) (320 SE2d 613) (1984).

Nodvin's motion to assess damages for frivolous appeal in Case No. 73586 is denied.

*Judgment reversed in Case No. 73585; affirmed in Case No. 73586. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 21, 1987 —
REHEARING DENIED FEBRUARY 3, 1987.

*Gregson T. Haan, John C. McCullough,* for appellant (case no. 73585).
*Charles G. Haldi, Jr.,* for appellants (case no. 73586).
*Marvin P. Nodvin,* pro se.