## A07A1937. BOHORQUEZ v. STROTHER.
### (650 SE2d 765)

BLACKBURN, Presiding Judge.

In this personal injury action arising from a motor vehicle collision, plaintiff, Ana Bohorquez, appeals the trial court's dismissal of the action for insufficient service of process. As the record supports the trial court's finding that the plaintiff did not effect service on defendant Renekia Strother, we affirm.

> A trial court's ruling on a motion to dismiss a complaint for insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them.

(Citation, punctuation and footnote omitted; emphasis in original.) *Woodyard v. Jones.*[1]

So viewed, the record shows that the plaintiff filed suit on December 14, 2005, alleging personal injury resulting from a collision with the defendant's vehicle on December 16, 2003. As the two-year statute of limitation was due to expire, plaintiff moved for and obtained the appointment of a special process server. Although the record does not indicate that the plaintiff ever filed an original return or affidavit as evidence of service, a copy of the process server's affidavit, filed as an exhibit to the defendant's motion to dismiss, purported personal service on the defendant on December 27, 2005.

In her January 26, 2006 answer, the defendant raised the defense of insufficiency of service of process. On December 15, 2006, the defendant moved to dismiss with prejudice, claiming that she still had not been served. In support of her motion, the defendant submitted her own affidavit, denying that she had ever been served and declaring that she was visiting her mother in Indianapolis, Indiana, from December 23, 2005 to January 1, 2006, and thus could not have

---

[1] *Woodyard v. Jones*, 285 Ga. App. 323 (646 SE2d 306) (2007).

been served at her home in Norcross on December 27, 2005, as claimed by the process server. She further declared that no one else lived at her home, except her two minor children, who were with her in Indiana. She also provided the affidavits of her sister and mother, who both testified that defendant had been with them in Indiana from December 23, 2005 until January 1, 2006. Following a hearing at which the process server testified and was cross-examined, the trial court granted defendant's motion to dismiss for insufficient service of process.

The plaintiff contends that the trial court erred in concluding that the affidavits submitted by the defendant were sufficient to overcome the evidence of the process server's return of process. We disagree.

"Whether evidence is sufficient to overcome facts reflected in a return of service is a matter addressed to the discretion of the trial court." (Punctuation omitted.) *Glatfelter v. Delta Air Lines*.[2] While a "return of [process] constitutes prima facie proof of the facts recited therein, . . . it is not conclusive and may be traversed by proof that such facts are untrue." *Yelle v. U. S. Suburban Press*.[3] The return may only be set aside upon evidence that is "the strongest of which the nature of the case will admit." (Punctuation omitted.) *NUCOR Corp. v. Meyers*.[4] However, we have held that "a return of service may be impeached by sworn statements made on personal knowledge." *Hudson v. Williams*.[5] See also *Adair Realty Co. v. Parish*[6] ("The sworn affidavit of the defendant was direct evidence and therefore sufficient to contradict the return of service, if believed."); *Yelle v. U. S. Suburban Press*, supra, 216 Ga. App. at 47 (affidavits of the defendant, his wife, his daughter, and his business associate "were based on the direct, personal knowledge of the affiants and were sufficient to . . . overcome the prima facie presumption that service was properly made").

Here, the defendant's affidavit expressly denied that she was personally served and declared that she was in Indiana at the time of purported service at her home in Norcross. Furthermore, the affidavits of the defendant's mother and sister corroborated her testimony that she was absent from the city of service on the date of service. Compare *Moore v. Sanford &c*.[7] Finally, the cross-examination of the process server at the hearing gave further grounds to doubt her

---

[2] *Glatfelter v. Delta Air Lines*, 253 Ga. App. 251 (1) (558 SE2d 793) (2002).

[3] *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995).

[4] *NUCOR Corp. v. Meyers*, 211 Ga. App. 787, 788 (1) (440 SE2d 531) (1994).

[5] *Hudson v. Williams*, 188 Ga. App. 726, 727 (374 SE2d 220) (1988).

[6] *Adair Realty Co. v. Parish*, 192 Ga. App. 681 (385 SE2d 770) (1989).

[7] *Moore v. Sanford &c*., 175 Ga. App. 552 (1) (333 SE2d 681) (1985).

testimony that she personally served the defendant (no signature of receipt, no log of event, no notes of service, no detailed description of defendant, no request for identification). We thus conclude that there was sufficient evidence to support the trial court's finding that the defendant was not served.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 2, 2007.

*Lawrence A. Silverman*, for appellant.
*Jay F. Eidex*, for appellee.