## A10A1922. JONES v. LOPEZ-HERRERA.
(706 SE2d 609)

DILLARD, Judge.

This appeal follows the dismissal of a complaint for failure to perfect service of process. For the reasons set forth infra, we affirm.

The record shows that appellant, Inyianie Jones, originally filed a complaint for damages, arising out of an October 24, 2007 car accident, against appellee, J. Soledad Lopez-Herrera, on June 30, 2008. The action was dismissed on or about August 30, 2009, for failure to prosecute and was then refiled on August 31, 2009. At the time of refiling (and again in September 2009), Jones filed a motion to serve Lopez-Herrera by way of a court-appointed process server, claiming that he had willfully avoided service of process in the previously dismissed action.[1] Thereafter, Jones claims that Lopez-Herrera was personally served by the court-appointed process server

---

[15] OCGA § 24-4-8.

[16] (Punctuation omitted.) *Freeman*, 306 Ga. App. at 784 (1).

[17] See id.; *Frazier*, 305 Ga. App. at 275 (1).

[1] Jones presents no evidence to support this allegation of past willful avoidance, and we did not consider the exhibit attached to her brief in support of same. *See, e.g., Jones v. State*, 304 Ga. App. 445, 447 n.10 (696 SE2d 346) (2010) (holding that exhibits attached to an

at 5715 Hammond Drive, Norcross, Georgia 30071 on October 27, 2009, citing an affidavit of service signed by the process server and filed with the trial court.

Lopez-Herrera denies having been served with a copy of the complaint, and he filed a special answer, reserving all defenses arising from service, process and jurisdiction, and alleging that Jones's complaint should be dismissed for failure of service.[2] Lopez-Herrera then filed a motion to dismiss, in which he argued that he had not been properly served. In support of his motion, he filed an affidavit averring that he had not been served by the process server and did not reside at the service address.

Jones filed a response to Lopez-Herrera's motion to dismiss, and included a second affidavit by the process server, which noted, inter alia, that a Hispanic male responding to the name Soledad accepted service of the complaint. In response, Lopez-Herrera filed an affidavit by Raul Lopez, in which he attested that Lopez-Herrera had been renting a room from him in Lilburn since October 2008. Finally, the battle of affidavits ended when Jones filed the affidavit of a private investigator moments before the hearing on Lopez-Herrera's motion to dismiss, attesting to a skip trace that he had performed on Lopez-Herrera's brother. The very next day, the trial court granted the motion to dismiss in a summary opinion. This appeal follows.

In considering Jones's enumeration of error, we begin by noting that the question of "[w]hether evidence is sufficient to overcome facts reflected in a return of service is a matter addressed to the discretion of the trial court."[3] A return of service is prima facie evidence of personal service,[4] and it may only be set aside when the defendant presents evidence that is "the strongest of which the nature of the case will admit."[5] A trial court's findings of insufficient service of process (and its accompanying dismissal order) will be

---

appellate brief, but not included in the record transmitted by the trial court, cannot be considered on appeal); *see also Jahncke Serv., Inc. v. Dep't of Trans.*, 134 Ga. App. 106, 107 (213 SE2d 150) (1975) ("The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error."); *Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70, 71 (1) (207 SE2d 543) (1974) (same).

[2] It is undisputed that Jones took no further action to perfect service on Lopez-Herrera after the filing of his answer.

[3] *Bohorquez v. Strother*, 287 Ga. App. 98, 99 (650 SE2d 765) (2007) (punctuation omitted); *see also Glatfelter v. Delta Air Lines, Inc.*, 253 Ga. App. 251, 251 (1) (558 SE2d 793) (2002) (same).

[4] *See, e.g., Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999); *Harvey v. Harvey*, 147 Ga. App. 154, 154 (1) (248 SE2d 214) (1978).

[5] *Bohorquez*, 287 Ga. App. at 99; *see also Ballenger v. Floyd*, 282 Ga. App. 574, 574 (639 SE2d 554) (2006) ("[The] proof must be not only clear and convincing, but the strongest of which the nature of the case will admit." (punctuation omitted)); *Baughan*, 240 Ga. App. at 663 ("When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service." (punctuation omitted)).

upheld on appeal absent a showing of an abuse of discretion.[6] Moreover, factual disputes regarding service of process "are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them."[7] And here, because we find support for the trial court's decision and no abuse of discretion on its part, we affirm the dismissal of Jones's complaint.[8]

Specifically, the trial court was presented with evidence sufficient to support a grant of dismissal—i.e., that Jones failed to serve Lopez-Herrera within five days of the two-year statute of limitation expiring (as required by law).[9] As previously noted, Jones's court-appointed process server attested in his affidavit that the person he served at the Norcross address responded "Yes" when asked if he was "Soledad."[10] In contrast, Lopez-Herrera proffered evidence that (1) he did not reside in Norcross at the time service was attempted, (2) his brother resided at the Norcross address during the relevant time period,[11] and (3) his brother advised him of Jones's complaint after being provided with a copy of same by the process server. Additionally, Lopez-Herrera presented evidence from his landlord confirming that he had lived at a different residence since October 2008.

While there are undoubtedly conflicts in the evidence presented below, the trial court was authorized to resolve them against Jones.[12] Indeed, it is well established that a copy of a summons and complaint left with a relative at a place other than a defendant's residence is not sufficient service,[13] and the burden is on a plaintiff to ascertain a

---

[6] *See, e.g., Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006); *Franchell v. Clark*, 241 Ga. App. 128, 130 (3) (524 SE2d 512) (1999); *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989).

[7] *Patel*, 277 Ga. App. at 153 (1); *see also Terrell*, 189 Ga. App. at 779 (1).

[8] *See Bohorquez*, 287 Ga. App. at 99-100 (affirming dismissal when affidavit of special-process server was contradicted by evidence that defendant was never served); *Baughan*, 240 Ga. App. at 663 (affirming denial of dismissal when defendant failed to carry burden of proof to challenge sufficiency of service).

[9] *See* OCGA § 9-3-33 (two-year statute of limitation for personal-injury actions); OCGA § 9-11-4 (c) (service must be made upon defendant within five days of expiration of statute of limitation).

[10] It is probable that a language barrier contributed to the confusion in this case, given that Lopez-Herrera's primary language is Spanish. Additionally, the process server averred that the woman who answered the door "did not understand much English" and that, after he asked to speak with "Soledad Lopez" (which is not even the appellee's full name), the woman looked back at a Hispanic male who then came to the door.

[11] Jones's own private investigator averred that he performed a "skip trace" on Lopez-Herrera's brother and found that the brother resided at 5715 Hammond Drive, Norcross, Georgia 30071. A copy of the skip-trace results was attached to the private investigator's affidavit.

[12] *See, e.g., Patel*, 277 Ga. App. at 153 (1); *Franchell*, 241 Ga. App. at 130 (3); *Terrell*, 189 Ga. App. at 779 (1).

[13] *See, e.g., Terrell*, 189 Ga. App. at 779 (1) ("A copy of the summons and complaint left with a relative at a place other than appellee's residence or usual place of abode is not sufficient

defendant's actual address.[14] While Jones relies heavily on evidence that Lopez-Herrera had previously lived at the Norcross address in January 2008, that evidence is in no way inconsistent with the evidence presented by Lopez-Herrera that he moved from that residence ten months later in October 2008. Additionally, even the evidence obtained by Jones's private investigator (which appears to be the sole method of investigation employed to determine Lopez-Herrera's address), confirms that the Norcross residence belonged to Lopez-Herrera's *brother* and *not* J. Soledad Lopez-Herrera, the person whose whereabouts were actually at issue. Faced with Lopez-Herrera's evidence in direct contravention to Jones's claims of service (as well as the undisputed fact that Jones took no further steps to ensure proper service), the lower court did not commit error in dismissing Jones's complaint for insufficient service.[15]

For all of the foregoing reasons, we affirm the trial court's dismissal of Jones's complaint.[16]

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 24, 2011.

*Khadizeth Toure-Hernandez*, for appellant.
*Cruser & Mitchell, Craig P. Terrett*, for appellee.

---

service.''); *Freeman v. Nodvin*, 181 Ga. App. 663, 663 (1) (353 SE2d 546) (1987) (same).

[14] *See, e.g., Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996) ("The burden is on a plaintiff to ascertain a defendant's address including his proper county.''); *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994) ("The burden is on the plaintiff to ascertain a defendant's residence, and that obligation does not arise only upon expiration of the statute of limitation.'').

[15] *See Bohorquez*, 287 Ga. App. at 99-100; *Baughan*, 240 Ga. App. at 663. When a plaintiff receives notice that there is an issue with service, we ordinarily analyze whether the plaintiff thereafter exercised the greatest possible diligence to perfect service. *See, e.g., Ballenger*, 282 Ga. App. at 575-76 ("[Defendant's] answer asserting insufficiency of service put [plaintiff] on notice and she was then required to exercise the greatest possible diligence to ensure proper and timely service.''). But in the case *sub judice*, we need not do so because Jones concedes that she took no additional steps to perfect service (even contending that there was "no need to exercise greater due diligence'').

[16] Lopez-Herrera points to a number of procedural errors by Jones, upon which the lower court may have disposed of the case. However, because we can affirm the lower court's decision based on evidence of insufficient process, Jones's procedural errors need not be addressed.