**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1382.  MYERS  v.  CLAYTON  COUNTY  DISTRICT
ATTORNEY'S OFFICE, et al.

PER CURIAM.

Acting pro se, Jobie Lamar Myers filed the current lawsuit against the Clayton County District Attorney's office, the Clayton County Police Department, Clayton County Police Detective James Windon, and nine additional Clayton County police officers.[1] The complaint asserted a number of claims, including malicious prosecution and violations of 42 U. S. C. § 1983.[2] Myers now appeals from the trial court's order

---

[1] The additional named defendants were Captain Robbie Frederick, Detective J. Carr, Detective L. Topalli, Detective M. Simmons, Detective C. Ortiz-Ramos, Lieutenant Scott Stubbs, Lieutenant William Lee, Lieutenant George Whitehorn, and Lieutenant Frank Thomas.

[2] Myers also asserted claims for violation of oath of office, violations of professional standards and code of ethics, improper procedures and misconduct, and perjury. The trial court, however, found that even under a "liberal reading" of the

dismissing his complaint without prejudice. He contends that the trial court erred in finding that: (1) Myers failed to serve Windon with the summons and complaint; (2) the complaint failed to allege facts that would support a claim for either malicious prosecution or a violation of 42 U. S. C. § 1983; and (3) Myers's claims were barred by both qualified and official immunity. For reasons explained more fully below, we find no error and affirm.

The facts relevant to this appeal are undisputed and show that in support of his claims, Myers alleged that as a result of a botched investigation led by Windon, Myers was charged in a 27-count indictment with a number of crimes, including murder, aggravated assault, and armed robbery. Myers further asserted that he was acquitted of all charges. Following his acquittal, Myers obtained, through an Open Records Act request, what he contended were papers showing that Windon had falsified documents used during a photo lineup and which allegedly resulted in an eyewitness identification of Myers as the perpetrator of the charged crimes. According to Myers's complaint, these falsified documents were used to support both

---

complaint, the only cognizable claims asserted were for violations of 42 U. S. C. §1983 and malicious prosecution. Myers has not challenged this finding on appeal.

a search warrant for his cell phone records and a warrant for his arrest. Myers also claimed that the falsified documents were used as evidence against him at trial.

The police department filed a motion to dismiss, and both the district attorney's office and Windon filed a motion to dismiss by way of special appearance. Following a hearing, the trial court granted all three motions, and entered an order dismissing without prejudice Myers's claims against all of the named defendants.[3] The court found that Myers's complaint failed to state a claim on which relief could be granted; that Myers had failed to perfect service of process on Windon and the court therefore lacked personal jurisdiction over the officer; and that neither the police department nor the district attorney's office were entities capable of being sued. Myers now appeals these rulings.

1. Construing the pleadings in the light most favorable to Myers,[4] the record shows that at the time Myers filed his complaint, Windon was employed as an

---

[3] The court dismissed sua sponte the claims asserted against the Clayton County police officers other than Windon, finding that none of those individuals had been served with process. Myers has not appealed the dismissal of these defendants.

[4] On a motion to dismiss for failure to state a claim, we construe "the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor." *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013).

investigator with the Clayton County District Attorney's office. Relying on this fact, Myers filled out a summons for Windon on which he stated that Windon could be served "in care of the Clayton County District Attorney's office," and he provided the address of that office. The Clayton County Sheriff's Office subsequently filed a return of service as to Windon showing that an officer left a copy of the summons and complaint with an employee of the Clayton County District Attorney's office. Given these facts, Myers argues that the trial court erred in finding that he failed to achieve service of process on Windon. We disagree.

Under Georgia law, proper service of a summons and complaint "is necessary for [a] court to obtain jurisdiction over a defendant" – i.e., to make the defendant subject to any rulings or orders (including an order of judgment) entered by the court in a particular case. *Connor v. Oconee Federal Savings & Loan Ass'n*, 338 Ga. App. 632, 634 (791 SE2d 207) (2016) (citations and punctuation omitted). In the absence of proper service, therefore, the court lacks authority to enter any order other than one dismissing the case for lack of jurisdiction. Id. And on appeal, we will uphold an order dismissing a case for insufficient service of process "absent a showing of an abuse of discretion, and such an abuse occurs where the trial court's ruling is unsupported by any evidence of record." *Babalola v. HSBC Bank, USA, N. A.*, 324

4

Ga. App. 750, 751 (1) (751 SE2d 545) (2013) (citation and punctuation omitted). Thus, even where a return of service appears in the record, we will not disturb the trial court's finding that such service was defective if that finding is supported by any evidence. *Russell v. Muscogee County School District*, 341 Ga. App. 229, 232 (1) (800 SE2d 7) (2017).

Georgia's Civil Practice Act provides that to achieve proper service of process on an individual defendant, such as Windon, a plaintiff is required to serve that defendant with a copy of both the summons and complaint either personally or "by leaving copies thereof at [the defendant's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." OCGA § 9-11-4 (e) (7). Myers contends that, given Windon's employment at the district attorney's office, "any agent designated by [the Clayton County District Attorney] as an authorized agent to [accept service of process] on behalf of the District Attorney's Office" is also an agent to accept service of process on behalf of an employee of that office. Thus, he argues that he served Windon through an agent authorized by law to accept that service on

Windon's behalf. Myers, however, cites no legal authority to support this argument, and we are not aware of any law – statutory or otherwise – that supports his position.

As we have explained previously, where an individual defendant has no agent for service of process, and in the absence of personal service, leaving a copy of the summons and complaint "at a place other than a defendant's residence is not sufficient service." *Jones v. Lopez-Herrera*, 308 Ga. App. 81, 83 (706 SE2d 609) (2011). Moreover, it is the plaintiff who bears the burden of determining a defendant's residential address and ensuring that service is made at that address. Id. See also *Carroll v. Americal Corp.*, 207 Ga. App. 651, 652 (1) (428 SE2d 811) (1993). And, despite Myers's arguments to the contrary, the fact that a defendant may be acting pro se does not relieve him of this burden. *Merck v. St. Joseph's Hospital of Atlanta*, 251 Ga. App. 631, 632 (555 SE2d 11) (2001).

Several weeks after the return of service was filed, Windon filed his motion to dismiss by way of special appearance. In support of that motion, Windon presented an affidavit in which he stated that he had never been served with a copy of the summons and complaint and that he had never authorized anyone to accept service on his behalf. Myers did not respond to Windon's motion or present any evidence to

6

refute Windon's affidavit.[5] Given the undisputed evidence showing that Windon was never served with the summons and complaint as required by law, the trial court did not err in dismissing Myers's complaint against Windon for lack of personal jurisdiction. See *Jones*, 308 Ga. App. at 84; *Merck*, 251 Ga. App. at 632.

2. Myers contends that the trial court erred in finding that both the district attorney's office and the police department were entitled to qualified and official immunity. The trial court, however, did not address whether either of these entities was entitled to immunity. Instead, it dismissed Myers's claims against the district attorney's office and the police department because it found that neither was capable of being sued. We agree with the trial court.

As our Supreme Court has explained, "in every suit there must be a legal entity as the real plaintiff and the real defendant." *Georgia Insurers Insolvency Pool v.*

---

[5] A transcript of the motion to dismiss hearing was not included in the appellate record, and we therefore assume that Myers failed to come forward with evidence to refute Windon's affidavit. See *Orange v. State*, 319 Ga. App. 516, 519 (3) (736 SE2d 477) (2013) (where no hearing transcript is included in the record on appeal, this Court assumes "the evidence supported the trial court's findings of fact which in turn support the judgment.") (punctuation and footnote omitted). Additionally, we note that motions to dismiss for lack of personal jurisdiction pursuant to OCGA § 9-11-12 (b) (2) may be decided based on affidavit testimony without "devolv[ing] [in]to motions for summary judgment." *Alcatraz Media, LLC v. Yahoo! Inc.*, 290 Ga. App. 882, 884 (1) (660 SE2d 797) (2008) (citation and punctuation omitted).

*Elbert County*, 258 Ga. 317, 318 (1) (368 SE2d 500) (1988) (punctuation omitted).

And Georgia law recognizes only "three classes of legal entities with the inherent power to sue and be sued: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Clark v. Fitzgerald Water, Light & Bond Commission*, 284 Ga. 12, 12 (663 SE2d 237) (2008) (citation and punctuation omitted). No Georgia appellate court has addressed directly the question of whether a county district attorney's office or police department are considered legal entities subject to suit. The Eleventh Circuit and federal district courts, however, have applied Georgia law to find that neither a county's district attorney's office nor its police department may be sued directly. See, e.g., *Lovelace v. DeKalb Central Probation*, 144 Fed. Appx. 793, 795 (III) (11th Cir. 2005) (the DeKalb County Police Department is not a legal entity subject to suit); *Tyner v. Howard*, 2017 WL 579954 at *2 (II) (N.D. Ga. January 6, 2017) ("As a general rule, the Office of the District Attorney is not an entity subject to suit."); *Ward v. Office of District Attorney*, 2007 WL 1832014 at *2 (III) (M.D. Ga. June 25, 2007) (the "Office of the District Attorney" is not a legal entity capable of being sued) (punctuation omitted). See also *Dean v. Barber*, 951 F2d 1210, 1214-1215 (II) (B) (11th Cir. 1992) (recognizing the general rule that subdivisions of local or county

8

governments, including police departments, are not legal entities subject to suit); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328-1329 (III) (A) (1) (S. D. Ga. 2003) (a municipal police department is not subject to direct suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same).

With respect to police departments, the basis for these holdings is that under Georgia law, every county is a "body corporate," headed by a governing body and capable of suing and being sued. *Grech v. Clayton County, Ga.*, 335 F3d 1326, 1342 (III) (J) (11th Cir. 2003). See also Ga. Const. of 1983. Art. IX, Sec. I, Para. I ("Each County shall be a body corporate and politic with such governing authority . . . as provided by law."); OCGA § 36-1-3 ("Every county is a body corporate with power to sue or be sued in any court.") Georgia law also empowers a county's governing body to create, abolish, and control a county police department. See OCGA §§ 36-8-1 (b); 36-8-2; 36-8-5. "The net result is that, under Georgia law, the county police department is the vehicle through which a county fulfills its policing functions[.]" *Grech*, 335 F3d at 1339 (III) (G) (punctuation omitted). Thus, while a county is subject to suit, police departments, as mere arms of such governments, are not generally considered legal entities capable of being sued. Id. at 1343 (III) (J). See also *Shelby*, 578 F. Supp. at 1370 (I) (because the police department "is an integral part

9

of the City of Atlanta government and is merely the vehicle through which the City government fulfills its policing functions . . . the [police department] is not an entity subject to suit"); *DeLoach v. Marietta Police Department*, 2009 WL 2486324 at \*2 (N. D. Ga. Aug. 12, 2009) (same); *Clark v. Glynn County Police Department*, 2007 WL 4287717 at \*2 (S. D. Ga. Dec. 3, 2007) (as a mere arm of the county government, the police department was not a legal entity capable of being sued). Put another way, the Clayton County Police Department functions as part of the legal entity of Clayton County, but it is not a separate legal entity capable of suing or being sued. Cf. *Brownlee v. Dalton Board of Water & c.*, 59 Ga. App. 538, 540 (3) (1 SE2d 599) (1939) (the utilities department of a municipality "was not a body corporate capable of being sued, but was a mere department of the municipality having control of the public utilities under appointment and direction of the governing body of the municipality") (punctuation omitted).

We find that this same logic applies with respect to the office of the county district attorney. Although the position of district attorney is provided for in the Georgia Constitution,[6] neither the Georgia Code nor the Georgia Constitution establishes the office of district attorney as a separate legal entity capable of suing or

---

[6] See Ga. Const. of 1983, Art. VI., Sec. VIII, Par. I.

10

being sued. Cf. *Siebert v. Alexander*, 351 Ga. App. 446, 448 (1) (829 SE2d 473) (2019) (holding that although the Georgia Constitution designated the county clerk of Superior Court as an officer of the county, nothing established the clerk's office as a separate legal entity, subject to direct suit). See also *Dean*, 951 F2d at 1214-1215 (II) (B); *Tyner*, 2012 WL 579954, at *2 (II); *Ward*, 2007 WL 1822014, at *2 (III).

In light of the foregoing, we find no error by the trial court in dismissing Myers's claims against both the Clayton County Police Department and the Clayton County District Attorney's Office.

3. Given our holdings in Divisions 1 and 2, we need not address Myers's remaining claims of error.

*Judgment affirmed. Division Per Curiam. All Judges concur*.