**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 2, 2021**

# In the Court of Appeals of Georgia

A21A1000. MCCLAIN v. CARROLLTON POLICE DEPARTMENT.

MILLER, Presiding Judge.

Timothy Lamar McClain, Jr., proceeding pro se, seeks review after the trial court dismissed his civil lawsuit against the City of Carrollton Police Department. On appeal, McClain argues that (1) the trial court erred in determining that the Department is not an entity that can sue or be sued; (2) the trial court erred in dismissing his complaint for failing to provide an ante litem notice to the Department or the City of Carrollton; (3) the trial court erred in determining that his complaint did not comply with the Georgia Civil Practice Act; and (4) the trial court erred in determining that he did not properly effect service of process on the Department. We

agree with the trial court that the City of Carrollton Police Department is not an entity that is capable of being sued, and so we affirm.

> We review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citations and punctuation omitted.) *Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018).

The record shows that McClain filed a lawsuit for defamation, malpractice, and illegal "procession" against the City of Carrollton Police Department.[1] The Department answered and filed a motion to dismiss the complaint on various grounds. The trial court granted the motion to dismiss, concluding that (1) the Department is not an entity that has the capacity to sue or be sued; (2) McClain did not allege or show that he filed a proper ante litem notice on the Department or the City of

---

[1] The entirety of McClain's complaint reads as follows: "Malpractice Class Act of defamation & illegal procession Lawsuit. For the amount of $999,999,999,999,999,999,999,999,999,999,999,999,999,999,999,999,99 9,999,999,999,999,999,999,999,999,999."

2

Carrollton; (3) the complaint failed to allege facts stating a claim upon which relief can be granted; and (4) McClain failed to show that he perfected service of process on the Department. This appeal followed.

1. McClain first argues that the trial court erred in determining that the Carrollton Police Department is not an entity that has the capacity to sue or be sued because it was able to retain an attorney and obtain a dismissal of his case. We disagree.

> As our Supreme Court has explained, in every suit there must be a legal entity as the real plaintiff and the real defendant. And Georgia law recognizes only three classes of legal entities with the inherent power to sue and be sued: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.

(Citations and punctuation omitted.) *Myers v. Clayton County Dist. Attorney's Office*, 357 Ga. App. 705, 708 (2) (849 SE2d 252) (2020). Thus, the question is not whether the Department was able to retain legal counsel but instead whether Georgia law recognizes the Department as an entity separate from the City such that it can be sued separately.

It appears that no Georgia court has specifically addressed whether a municipal police department is an entity capable of suing or being sued. We have recently determined that county police departments are not separately capable of being sued because, "as mere arms of such governments, [they] are not generally considered legal entities capable of being sued." *Myers*, supra, 357 Ga. App. at 709 (2). At least two federal district courts have also applied Georgia law to conclude that municipal police departments are not legal entities subject to suit. See *Bunyon v. Burke County*, 285 FSupp.2d 1310, 1328-1329 (III) (A) (1) (S. D. Ga. 2003) (a municipal police department is not subject to direct suit); *Shelby v. City of Atlanta*, 578 FSupp. 1368, 1370 (I) (N. D. Ga. 1984) (same).

For the same reasons that we found persuasive in *Myers*, we similarly conclude that municipal police departments are not separate legal entities subject to suit because they are merely agents or instrumentalities of the municipality. As a municipal corporation, the City of Carrollton itself "can sue and be sued only in the manner provided by its charter, and in its appropriate corporate name." *State Highway Dept. of Ga. v. Reed*, 211 Ga. 197 (1) (84 SE2d 561) (1954); see also *City of Carrollton v. Word*, 215 Ga. 104 (109 SE2d 37) (1959) (discussing the City of Carrollton's municipal charter). A city's police department "is an integral part of the

4

[city's] government and is merely the vehicle through which the [c]ity government fulfills its policing functions. For this reason the Department is not an entity subject to suit[.]" *Shelby*, supra, 578 FSupp. at 1370 (I); see also *Brownlee v. Dalton Bd. of Water, Light & Sinking Fund Commrs.*, 59 Ga. App. 538, 540 (3) (1 SE2d 599) (1939) (the utilities department of a municipality "[is] not a body corporate capable of being sued, but [is] a mere department of the municipality having control of the public utilities under appointment and direction of the governing body of the municipality") (punctuation omitted).

Accordingly, the trial court correctly dismissed McClain's complaint because the Carrollton Police Department is not a proper party capable of being sued.[2]

2. Because the trial court properly dismissed McClain's complaint for failure to name a proper party defendant, we need not reach his other claims of error.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*

---

[2] While we recognize that "we are required to hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers," (Citation and punctuation omitted.) *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 n.2 (751 SE2d 545) (2013), McClain's complaint does not contain any facts or allegations from which we could even liberally construe an intent to sue any defendant other than the Department. Dismissal of the entire action on the basis that the Department is not a proper party is therefore warranted.