**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**December 24, 2025**

# In the Court of Appeals of Georgia

A25A2136. COOPER v. ATLANTIC MANAGEMENT SERVICES, LLC.

FULLER, Senior Judge.

In this real property dispute, the trial court entered a default judgment against defendant Kenneth S. Cooper and in favor of plaintiff Atlantic Management Services, LLC. Cooper filed a motion to set aside the judgment on the ground that he was not properly served with process. The trial court denied his motion and subsequently entered a final judgment against Cooper, who now appeals. For the reasons set forth below, we affirm.

The record shows that in June 2021, Atlantic Management purchased an apartment complex located in Albany, Georgia from Cooper. In November 2023, Atlantic Management filed suit against Cooper, a resident of Miami, Florida, alleging

that Cooper made misrepresentations during the sale and failed to transfer the entire purchased property to Atlantic Management. After local police made numerous unsuccessful attempts to serve Cooper at his residence,[1] Atlantic Management utilized a private process server, Jose Perez, who attested in an affidavit that he personally served Cooper on April 25, 2024. Perez asserted that he made contact with a man who acknowledged that he was Cooper and who matched Cooper's description. Perez further stated that when he apprised Cooper of the summons and complaint, Cooper "pretended he wasn't Mr. Cooper." Cooper's wife told Cooper to shut the door, and as he did so, Perez advised him that he was leaving the documents at the front porch gate.

When Cooper failed to file an answer to the complaint more than three months after service, Atlantic Management successfully moved for default judgment as to liability. Cooper filed a motion to set aside the default judgment, claiming in a supporting affidavit that he had "no memory" of being served with a copy of the summons and complaint by Perez. Cooper's wife likewise averred in an affidavit that

---

[1] Atlantic Management also obtained leave from the trial court to serve Cooper by publication, see OCGA § 9-11-4(f)(1), but it does not appear that Atlantic Management proceeded in this manner.

she "[did] not recall" that Cooper was served by Perez. Following a hearing, which was not transcribed, the trial court denied the motion to set aside the default judgment, finding that Atlantic Management had submitted sufficient evidence of service and that Cooper failed to meet his burden of demonstrating improper service. The trial court ultimately entered final judgment against Cooper, awarding Atlantic Management over $100,000 in damages and litigation expenses. This appeal follows.[2]

In related claims of error, Cooper contends that because he was not properly served with process, the trial court erred in granting Atlantic Management's motion for default judgment and in failing to set aside the same. Based on the record before us, we hold that the evidence supported the trial court's factual finding that Cooper was properly served.

The trial court's entry of a default judgment is reviewed for an abuse of discretion. See *Scott v. Smith-Denton*, 364 Ga. App. 393, 397 (1) (875 SE2d 363) (2022). A defendant who seeks to challenge the sufficiency of service "bears the

___

[2] This is Cooper's second appearance before this Court. On March 14, 2025, we dismissed Cooper's appeal from the trial court's order denying his motion to set aside the default judgment only as to liability because that order was not a final judgment and Cooper failed to comply with the interlocutory appeal procedures. See Case No. A25A1276, *Cooper v. Atl. Mgmt. Servs., LLC* (Mar. 14, 2025). Now that a final judgment has been entered, we have jurisdiction. See OCGA § 5-6-34(a)(1)(B).

burden of showing improper service. And this is a heavy burden." *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 665 (4) (697 SE2d 233) (2010) (citation and punctuation omitted). "When the evidence is conflicting with respect to the proper receipt of service, it becomes a question of fact to be resolved by the trial judge. Those findings will not be disturbed on appellate review when supported by any evidence." *Scott*, 364 Ga. App. at 397 (1) (citation and punctuation omitted).

It is axiomatic that service of process is necessary to acquire jurisdiction over a defendant once a complaint has been filed. See generally OCGA § 9-11-4.

> When there is no proper service, and no valid waiver of service, the court does not have jurisdiction over the defendant. Jurisdiction of the person is the power of the court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action.

*Scott*, 364 Ga. App. at 397 (1) (citation and punctuation omitted).

Under OCGA § 9-10-94, a non-resident defendant "may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state . . . ." As relevant to

4

this case, Atlantic Management had the option to serve Cooper with a copy of the summons and complaint either "personally, or by leaving copies thereof at [Cooper's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" OCGA § 9-11-4(e)(7). Accord *Scott*, 364 Ga. App. at 398 (1).

To that end, we have held that "[w]hen a defendant knows that a process server is physically present and attempting service, but the defendant still attempts to evade service, . . . service may be accomplished by simply leaving the papers at the residence." *Cascade Parc Prop. Owners Ass'n v. Clark*, 336 Ga. App. 94, 96 (783 SE2d 692) (2016). Although the facts contained therein "may be traversed by proof that such facts are untrue," a return of service is prima facie evidence of proper service. *Oglesby v. Deal*, 311 Ga. App. 622, 626 (1) (716 SE2d 749) (2011) (citation and punctuation omitted).

As detailed above, Perez swore in his affidavit of service that he spoke with a person fitting Cooper's description who responded to Cooper's name, that he informed Cooper of the contents of the summons and complaint, and when Cooper feigned ignorance and refused to accept the documents, Perez left them at the front porch gate. Notably, Cooper acknowledged in his affidavit that he resided at the

Miami address where Perez made contact with him. Because there was some evidence to support the trial court's finding that personal service occurred, the trial court did not abuse its discretion in granting the default judgment. See, e.g., *Newsome v. Johnson*, 305 Ga. App. 579, 582–83 (1) (699 SE2d 874) (2010) (finding service sufficient where documents left outside of door after process server verified defendant's identity through the door, but defendant refused to open the door); *Tavakolian*, 304 Ga. App. at 665 (4) (holding service was proper where person meeting the description of the defendant's wife declared that she was not the defendant and then closed the garage door and process server dropped complaint and summons on the garage floor); *Carter v. Progressive Ins. Co.*, 246 Ga. App. 562, 563–64 (1) (541 SE2d 418) (2000) (affirming entry of default judgment where appellant failed to carry his burden of showing that service of process was insufficient).

To the extent Cooper maintains that the trial court erred in not setting aside the default judgment because Atlantic Management failed to meet its burden of "present[ing] superior evidence" of personal service after he and his wife disavowed service in their affidavits, we find this argument unavailing. That is because the burden to show that service was sufficient only shifts back to the plaintiff once the

defendant first makes a showing of improper service with evidence that is "not only clear and convincing, but the strongest of which the nature of the case will admit." *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 365 (1) (823 SE2d 51) (2019) (citation and punctuation omitted). See, e.g., *Jones v. Lopez-Herrera*, 308 Ga. App. 81, 82–83 (706 SE2d 609) (2011) (holding that trial court did not err in dismissing complaint for insufficient service of process, where defendant's affidavit averred that he did not reside at service address and plaintiff's private investigator confirmed that address belonged to defendant's brother); *Duke v. Buice*, 249 Ga. App. 164, 166 (547 SE2d 561) (2001) (affirming trial court's finding of improper service where defendant provided affidavit and oral testimony that she was not living at the address of service, and her stepfather's affidavit established that he told process server defendant was not living at that address). Here, we cannot say that Cooper's and his wife's affidavits merely reciting their lack of recollection of service constitute clear and convincing evidence of improper service, much less the strongest evidence of such. Accordingly, the trial court did not abuse its discretion in refusing to set aside the default judgment.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*